LOTTINGER, Judge.
This is an action ex delicto. From a judgment in favor of defendant, Winn-Dix-ie of Louisiana, Inc. (Winn-Dixie), plaintiff, Barbara Holden, appeals.
*533 FACTS
Plaintiff entered a Winn-Dixie store for the purpose of purchasing two items. Rather than entering the shopping area by the normal entrance, plaintiff attempted to utilize a closed checkout lane as an entrance. The established procedure in this store, as well as others, in closing a checkout lane was to chain a shopping cart across the path of the checkout lane so as to stop customers from utilizing the closed lane. Plaintiff contends she was injured when just such a chained shopping cart sprang back into her when she attempted its use as well as the use of the closed lane.
TRIAL COURT
The trial judge concluded that this was not a La.Civ.Code art. 2317 case, but rather one of negligence under La.Civ.Code art. 2315.
In ruling in favor of defendant, the trial judge said:
The Court is impressed by the facts of this case involving an accident which takes place when a customer is attempting to enter the store through an area that is designated for the purpose of exiting. The accident that took place took place not in a shopping area where there are displays there to attract one to view things other than the passage that you’re seeking but in an area where there were no displays. Ms. Holden did not testify that she was distracted by anything, and, in fact, saw the object that she now complains of as causing the injury to her.... She testified that she did not see the chain that was also attached to the cart; perhaps that was because of her hurried condition because she testified that her mother was out in the car or her grandmother was out in the car. They were just coming back from the hospital. She apparently was ill. She was running in to get eggs and soup. I am not sure from her testimony that she really wanted that shopping cart to pick up those few items. I really believe that she was simply trying to avoid taking the normal entrance into the store and simply trying to hurry to the area where she thought she would find those two items. She was trying to get by the shopping cart that was designating that aisle as being closed and perhaps in a hurry and not paying attention and hit her knee against the shopping cart. This aisle where the shopping cart was is clearly a checkout lane. It’s not a shopping area. It’s not an area designated as an entrance into the store.
I think it is reasonable for Winn Dixie to block their checkoff [sic] lanes with shopping carts. I think it’s reasonable for Winn Dixie to assume that a customer would not attempt to grab a shopping cart that is used to close a checkout lane where there are other shopping carts in the designated areas. I think it’s reasonable for Winn Dixie to assume that customers will not enter through the checkout lanes but will enter through the designated aisles. It occurs to the Court that perhaps the use of the shopping cart along with the chain may in fact [be] safer for the customers than to simply put a chain across the checkout aisles that are closed. The cart is obviously more visible to a customer who is seeking to exit the store through their checkout lanes. Because of these reasons and the evidence as adduced and the comments the Court has made on the evidence[,] the Court finds no liability on the part of Winn Dixie and will therefore dismiss plaintiff’s suit at plaintiff’s cost.
ASSIGNMENTS OF ERROR
In appealing, plaintiff contends the trial court erred: 1) in failing to apply La.Civ. Code art. 2317, 2) in failing to find that the burden of proof shifted to defendant to exculpate itself from liability on proof of an obstruction in an aisleway, and 3) in failing to find that Winn-Dixie breached any duty owed plaintiff.
I
Under either La.Civ.Code art. 2315 (negligence) or La.Civ.Code art. 2317 (strict liability), plaintiff has the burden of proving: 1) the property which caused the damage was in the custody of the defend *534 ant, 2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises, and 3) the defect in the property was a cause in fact of the resulting injury. The difference of proof between these two theories of liability is that under article 2315 it must be shown that the owner or person in custody either knew or should have known of the risk, whereas under article 2317, a claimant is relieved of proving the defendant’s scienter. Inasmuch as defendant admitted the presence of the chained shopping cart, article 2317 is not applicable. However, even though article 2317 is not applicable, under either theory of recovery, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing, and the court must decide if the risk which causes the injury is within the ambit of protection of the duty.
II
Plaintiff contends it was error for the trial court to fail to shift the burden of proof of exculpating itself from liability once plaintiff proved an obstruction in the aisleway.
Plaintiff attempts to compare and to bring the facts of this case within the ambit of the rule established when foreign objects appear on floors in shopping areas and slip and falls result. The slip and fall cases, Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984); Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); and Kavlich, v. Kramer, 315 So.2d 282 (La.1975), as well as the protruding object cases, Ferrington v. McDaniel, 336 So.2d 482 (La.App. 1st Cir.1976), are all grounded on the theory as expressed in Kavlich at 284 and 285:
Self-service grocery stores require customers to look for and to find the objects which they wish to purchase. These objects are placed upon shelves of various sizes and heights. Discernment of a particular object for purchase requires fairly strict surveillance of the shelving in order to discover the item desired. Numerous items displayed upon shelving along the aisles or walkways in self-service stores entice the customers to focus their eyes upon the display rather than on the surface upon which they walk. Guy v. Kroger Company, 204 So.2d 790 (La.App. 2nd Cir.1967; Dever v. George Theriot’s, Inc., 159 So.2d 602 (La.App. 3rd Cir.1964). It is not uncommon that owners and managers of the stores, their employees, or customers drop objects into these aisles which pose a danger to one who inadvertently steps upon the object.
The trial court found as fact that plaintiff had not yet arrived in the shopping area of the store, thus the basis for the shifting of the burden of proof to defendant was not present. We find no error.
Ill
The trial court found that it was reasonable for Winn-Dixie to block checkout lanes by the use of shopping carts. Additionally, the trial court found it safer to use a shopping cart in conjunction with the chain rather than the chain alone.
“A storekeeper owes an affirmative duty to those who use his premises to exercise reasonable care to keep his aisles, passageways and floors in a safe condition.” Kavlich at 284.
As testified by the Winn-Dixie manager at the time of this accident, the purpose of blocking checkout lanes not in use was “to stop shoppers from passing through the check stand without paying for merchandise.” The reason for blocking closed checkout lanes is valid. We agree with the trial judge that the utilization of shopping carts chained to checkout lanes was reasonable. It is reasonable to assume that customers will enter through the designated entrance area rather than a checkout lane. It is also reasonable to assume that a cus-, tomer will not attempt to enter or exit the shopping area through a checkout lane blocked with a shopping cart, whether chained or not. Therefore, we agree with the trial judge in finding no breach of duty on the part of Winn-Dixie.
*535 Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.