LeBLANC, Judge.
The primary issue in this personal injury suit is whether the trial court erred in refusing to charge the jury with eighteen special jury instructions submitted by plaintiffs’ counsel.
Defendants, Emile and Rosie Sziszaks, own a grocery store located in Albany, Louisiana. They also own several buildings located behind the store, one of which they formerly operated as a game room. However, at the time of the accident in question, this building was used by the Sziszaks for storage purposes only and was not open to the public.
Betty Mae Kovach, a friend and employee of the Sziszaks, requested permission to use this building for the wedding reception of her daughter, who was to be married on April 20, 1984. The Sziszaks gave their consent upon the condition that Mrs. Ko-vach arrange for the cleaning of the building before and after the reception. The arrangement between the Sziszaks and Mrs. Kovach was entirely gratuitous. The Sziszaks attended the reception in the capacity of invited guests only.
Plaintiff, Ms. Jimmy Speyrer, was also a guest at the reception. During the course of the reception, she fell while dancing and injured her arm. Ms. Speyrer and her husband, Andrew Speyrer, subsequently filed suit against the Sziszaks and their insurer, Louisiana Farm Bureau Mutual Insurance Company. A jury trial was held on this matter. Prior to the trial court’s charge to the jury, plaintiffs’ counsel submitted twenty-five special instructions which he requested be given to the jury. The trial court declined to give any of the requested instructions.
After receiving the trial court’s general instructions, the jury ultimately returned a special interrogatory finding Ms. Speyrer’s fall was not caused by any fault or negligence of the Sziszaks. Accordingly, the trial court dismissed plaintiffs’ suit. Plaintiffs have now appealed, alleging the trial court erred in refusing to give eighteen of their requested special instructions.[1]
*14 Under La.C.C.P. art. 1793, each party may file written requests that the court instruct the jury on the law as set forth in the requests. The court must give all requested instructions which properly reflect the law applicable in light of the pleadings and facts in each particular case. Callender v. Delchamps, Inc., 542 So.2d 140 (La.App. 1st Cir.1989). However, the court is not required to give the precise instructions submitted by the party, but has discretion to use whatever language it believes most appropriate to help the jury understand the issues and applicable law. Id. The charge as a whole need only convey to the jury a clear and correct understanding of the applicable law. Id. Further, the court need not give a requested special charge when it is adequately covered by the court’s general charge. Lincecum v. Missouri Pacific R. Co., 452 So.2d 1182, 1191 (La.App. 1st Cir.), writ denied, 458 So.2d 476 (1984).
In this case, we have carefully reviewed plaintiffs’ requested special instructions and the trial court’s general charge to the jury. We find no error in the trial court’s refusal to give the requested instructions for the following reasons. Requested instructions numbers one, two and fifteen are actually conclusions rather than applicable statements of law. The substance of requested instruction number twenty-one, relating to the preponderance of evidence standard, was included in the trial court’s general charge, although the exact language requested by plaintiffs was not used. Requested instruction number seventeen dealing with the doctrine of respon-dant superior was not applicable in light of the pleadings and evidence presented.
The remaining requested instructions relate to the special duties business owners, primarily store keepers, owe to their invitees and the burden of proof applied in slip and fall cases occurring on their premises. The trial court denied these requested instructions “on the ground that they’re either incorrect, or incomplete statement of the law, or inapplicable to the evidence presented”. We agree fully with the trial court’s conclusion, particularly, the conclusion that the requested instructions are not applicable to the instant case. Although defendants are store owners, the accident in question did not occur in their store, nor even in a business place. The rationale for the special rules relating to slip and falls occurring in the shopping areas of stores is that the very nature of self-service stores requires and entices customers to focus their attention elsewhere than upon the floor upon which they are walking. Kavlich v. Kramer, 315 So.2d 282, 284-5 (La.1975). This rationale is not applicable under the facts of the instant case. See, Holden v. Winn-Dixie Louisiana, Inc., 532 So.2d 532 (La.App. 1st Cir.), writ denied, 534 So.2d 448 (1988). Thus, neither were the special charges requested by plaintiffs applicable to this case.
Plaintiffs also complain on appeal that the trial court’s general charge was inadequate because it did not include an instruction on comparative negligence. In order for a party to assign as error the giving or the failure to give an instruction, La.C.C.P. art. 1793(C) requires that the party object either before or immediately after the jury retires. The reason for this requirement is to allow the trial court a fair opportunity to correct any error in its charge before the jury begins its deliberations. Schoonmaker v. Capital Towing Co., 512 So.2d 480, 485 (La.App. 1st Cir.), writ denied, 514 So.2d 458 (1987).
In this case, plaintiffs did not timely object to the trial court’s general charge on the basis that it did not include an instruction on comparative negligence. Thus, plaintiffs can not now raise this issue for the first time on appeal. Bergeron v. K-Mart Corp., 540 So.2d 406 (La.App. 1st Cir.), writs denied, 544 So.2d 408 and 412 (1989); Schoonmaker, supra.
For the above reasons, the judgmént appealed from is affirmed. Plaintiffs are to pay all costs of appeal.
AFFIRMED.

. On appeal plaintiffs waived their objection to the trial court’s refusal to give requested instructions numbers fourteen, eighteen, twenty, twen *14 ty-two, twenty-three, twenty-four and twenty-five.