589 So.2d 605 (1991)
Bobby R. ADAMS, Sr., et al., Plaintiffs-Appellants,
v.
TRAVELERS INSURANCE COMPANY, et al., Defendants-Appellees.
No. 22842-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*606 Booth, Lockard, Politz, Lesage & D'Anna by Bennett L. Politz, Shreveport, John B. Benton, Jr., Minden, for plaintiffs-appellants.
Lunn, Irion, Johnson, Salley & Carlisle by Ronald E. Raney, Shreveport, for Royal Globe Ins. Co.
Mayer, Smith & Roberts by Alex Lyons, Shreveport, for Travelers Ins. Co.
Blanchard, Walker, O'Quinn & Roberts by Lawrence Pettiette, Jr., Joseph S. Woodley, Shreveport, for J. Weingarten, Inc.
Before NORRIS, LINDSAY and BROWN, JJ.
LINDSAY, Judge.
In this wrongful death action, a pedestrian, Lucille R. Adams, was struck by a car in the parking lot of a shopping center. She subsequently died from her injuries. The plaintiffs, Mrs. Adams' widower and grown children, appeal from a directed verdict in favor of J. Weingarten, Inc., the *607 owner of the parking lot. The decedent's UM carrier, Royal Globe Insurance Company, answered the appeal, complaining of the trial court's failure to render judgment on its third-party demand against its codefendants. For the following reasons, we affirm the trial court judgment.

FACTS
On February 14, 1980, the decedent, Lucille Adams, was shopping at the Weingarten's store in the Westwood Shopping Center in Shreveport, Louisiana. After leaving the store and as she walked across the parking lot, she was hit by a Toyota Celica driven by Jeanette Johnson. About three weeks later, Mrs. Adams died as a result of her injuries.
Prior to the accident, Ms. Johnson and her boyfriend, who was driving Ms. Johnson's car, entered the parking lot. They drove around looking for a parking space. Finding none, Ms. Johnson's boyfriend pulled up in front of the TG & Y store near the Weingarten's store. He stopped the car in the fire lane, got out and went inside the TG & Y store, leaving Ms. Johnson in the car. When Ms. Johnson observed a parking space becoming available, she moved from the passenger's seat to the driver's seat and put her car in reverse. At this point, the car suddenly and unexpectedly careened backwards out of control, striking Mrs. Adams.
Suit was brought by the decedent's widower and adult children. Named as defendants were Ms. Johnson; her insurer, Travelers Insurance Company; the decedent's UM carrier, Royal Globe; J. Weingarten, Inc.; Yokem Toyota; and Toyota Motor Company. (These last two defendants were dismissed by summary judgment.)
Initially, Weingarten was dismissed from the suit by summary judgment. However, this court reversed and remanded to give the plaintiffs an opportunity to develop their evidence. Adams v. Travelers Insurance Company, 420 So.2d 507 (La.App. 2d Cir.1982), writ denied 422 So.2d 426 (La. 1982). Ms. Johnson filed for bankruptcy, and an order staying proceedings against her was issued. Before trial, Travelers and Royal Globe tendered their policy limits, legal interest and costs into the registry of the court.
Trial was held in February, 1985, to determine whether Weingarten shared legal responsibility for Mrs. Adams' death because of an allegedly defective parking lot. At the close of the plaintiffs' case, Weingarten moved for a directed verdict. Initially, the trial court denied the motion. However, at the close of all the evidence, the motion was granted. The trial court ruled that reasonable and fair-minded jurors could not find that Weingarten breached any duty to Mrs. Adams in the design or maintenance of its parking lot, or that any action by Weingarten was a contributing cause of the accident. Accordingly, plaintiffs' claims against Weingarten were dismissed.
Thereafter, the jury returned a verdict finding that Ms. Johnson was at fault in causing Mrs. Adams' death, and that the plaintiffs were entitled to judgment against Travelers and Royal Globe for the amounts they had previously tendered. The subsequent judgment in favor of the plaintiffs against Travelers and Royal Globe also dismissed the plaintiffs' claims against Weingarten and Royal Globe's third-party demand against Weingarten.

DIRECTED VERDICT
The plaintiffs contend that the trial court erred in granting Weingarten's motion for a directed verdict. They argue that the case should have been submitted to the jury.
LSA-C.C.P. Art. 1810 provides as follows:
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict *608 shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
A motion for a directed verdict is appropriately granted when, after considering all the evidence in the light and with all reasonable inferences most favorable to the movant's opponent, it is clear that the facts and inferences point so overwhelmingly in favor of granting the verdict, that reasonable jurors could not arrive at a contrary verdict. Palermo v. NME Hospitals, Inc., 558 So.2d 1342 (La.App. 4th Cir.1990); Ford v. Sears, Roebuck & Company, 552 So.2d 497 (La.App. 4th Cir.1989); Moore v. Aetna Casualty and Surety Company, 454 So.2d 1273 (La.App. 2d Cir.1984); Campbell v. Mouton, 373 So.2d 237 (La. App. 3rd Cir.1979). If there is substantial evidence opposed to the motion, i.e., evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury. Campbell, supra; Ford, supra.
It is axiomatic that the propriety of a directed verdict must be evaluated in light of the substantive law underpinning the plaintiffs' claims. Moore, supra. In the instant case, in order to recover, the plaintiffs were required to prove the defendant owed a duty to the decedent to protect against the risk involved, that the defendant breached that duty, that the decedent died and the plaintiffs themselves suffered an injury, and that the defendant's actions were a substantial cause in fact of the death and injuries. Palermo, supra.
In Jackson v. Quick, 543 So.2d 552 (La.App. 4th Cir.1989), writ denied 546 So.2d 1219 (La.1989), an analogous situation was presented. There the plaintiff was crossing a Fair Grounds parking lot, walking towards his parked car, when a "phantom auto" sped by him, splashing him with water. Immediately thereafter, the plaintiff was struck by another car which approached from the opposite direction. The plaintiff contended that the Fair Grounds was at fault because its parking lot had no pedestrian crosswalks or warning signs. The jury found that the plaintiff, both drivers, and the Fair Grounds were negligent. The jury found that the Fair Grounds' negligence was a cause-in-fact of the accident, and that there was a defect in the premises which posed an unreasonable risk of harm to the plaintiff. Percentages of fault were assessed to the Fair Grounds and to the "phantom auto." Subsequently, however, the trial judge granted the Fair Grounds' motion for JNOV, dismissing it from the suit.[1]
The plaintiff appealed. The appellate court affirmed the JNOV, finding that the plaintiff had failed to prove that the condition of the lot was unreasonably dangerous or that its condition caused the accident. The court stated:
Plaintiff's evidence at best establishes that pedestrian crosswalks and appropriate warning signs could make the parking lot safer for pedestrians. The evidence does not establish that the parking lot without crosswalks or warning signs was unreasonably dangerous.... The obvious safety advantages of crosswalks and warning signs, however, do not establish that any parking lot without them is unreasonably dangerous. The record in this case, viewing the evidence in the light most favorable to plaintiff, does not establish that when plaintiff walked from the clubhouse to his car he was confronted with an unreasonably dangerous situation by virtue of the condition of the parking lot. On the evidence in this record no reasonable juror could arrive at a contrary conclusion.
Plaintiff's case also suffers from a failure to establish legal causation with regard to the condition of the Fair Grounds parking lot. Plaintiff needed to prove that the condition of the parking lot caused the accident; or, from plaintiff's case perspective, that the accident was *609 caused, at least in part, by the absence of pedestrian crosswalks with warning signs.... The absence of a crosswalk and warning sign played absolutely no part in causing this accident.... That a crosswalk with warning signs might have caused the "phantom auto" to stop, permitting plaintiff to fully cross the travel lanes before [the arrival of the vehicle that hit plaintiff] is speculative at best....
In the present case, the plaintiffs presented the testimony of Robert Canfield, an expert in traffic engineering. He maintained that the parking lot was flawed because its design funneled vehicular traffic to the area where the pedestrian traffic was heaviest, namely, in front of the Weingarten's store. He testified that the parking lot should have had pedestrian crosswalks and raised walkways. He also testified that there would have been no accident if there had been a sidewalk and if Mrs. Adams had used it. Furthermore, he testified that there were no pedestrian crosswalk signs. However, he fundamentally agreed that an "out-of-control" car cannot be controlled by anyone except its driver.
The evidence in this record demonstrates that just prior to the accident, Ms. Johnson was sitting in her car in front of the TG & Y store. When she saw an opportunity to place her car in a regular parking space, she moved to the driver's seat and put the car in reverse. The Johnson vehicle, with its engine racing, was suddenly propelled backwards into Mrs. Adams. The exact cause of the vehicle's erratic movement is unknown, but Ms. Johnson testified that her foot may have slipped from the brake to the accelerator. Ms. Johnson attempted to stop the car, but the brakes were totally worn and ineffective.
Based on the foregoing, it is obvious that the design of the Weingarten's parking lot played no role in the accident. The parking lot design did not "funnel" the Johnson vehicle into its position where it struck Mrs. Adams. No number of warning signs would have had any effect under the circumstances of this case. Furthermore, it is purely speculative to assume that a raised pedestrian walkway would have prevented the accident because there is no indication of whether or how Mrs. Adams would have utilized this measure if it had been available.
The evidence demonstrates that Mrs. Adams' tragic death was the result of a freak accident caused solely by Ms. Johnson's negligence. Although the parking lot might have been safer if it had the features suggested by Mr. Canfield, the plaintiffs failed to prove that the parking lot was unreasonably dangerous without those features or that its condition caused the accident. No reasonable juror could have reached a contrary conclusion.
Even assuming arguendo that reasonable jurors could have disagreed and that the case should have been submitted to the jury, the plaintiffs still cannot recover. Based upon our examination of the entire record, we conclude that the plaintiffs failed to carry their burden of proof on the issue of Weingarten's liability.
This assignment of error is without merit.

ANSWER TO APPEAL
Royal Globe answered the appeal, alleging that the trial court failed to enter judgment on its third-party demand against its codefendants, Ms. Johnson, Travelers, and Weingarten, Inc. However, it adopted the plaintiffs' brief as its own. Nowhere in the plaintiffs' brief is the issue of the third-party demand addressed.
Rule 2-12.4 of the Uniform Rules of Louisiana Courts of Appeal provides that the court may consider as abandoned any assignment of error which has not been briefed. Consequently, the issue of Royal Globe's third-party demand is deemed abandoned. Day v. South Line Equipment Company, 551 So.2d 774 (La.App. 1st Cir. 1989), writ denied 553 So.2d 474 (La.1989).

CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed against the plaintiffs.
AFFIRMED.
NOTES
[1] The standard for granting a motion for JNOV is the same as that for granting a motion for a directed verdict. Campbell, supra.