652 So.2d 640 (1995)
Leslie M. SCANTLIN
v.
STATE FARM INSURANCE COMPANY, et al.
No. 94 CA 0798.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
*641 Kerry E. Shields, Kevin A. Rieth, Gretna, for plaintiff-appellant, Leslie M. Scantlin.
Bryan D. Fisher, Baton Rouge, for defendant-appellee, B.F. Equities, William Ball, David Ferrell, State Farm Fire & Cas. Co.
William Staser, Baton Rouge, for defendant-appellee State of Louisiana, DOTD.
Frank J. Gremillion, Baton Rouge, for defendant-appellee City of Baton Rouge, EBRP Dept. of Public Works.
Before WATKINS and FOGG, JJ., and TANNER,[1] J. Pro Tem.
WATKINS, Judge.
Plaintiff Leslie M. Scantlin appeals a directed verdict/involuntary dismissal in favor of all defendants in her personal injury suit. We conclude the trial judge committed reversible error when he directed a verdict in *642 favor of the partnership and two individual defendants and their insurer at the close of plaintiff's case in chief; we reverse that portion of the judgment and remand the case for further proceedings. We conclude the trial judge did not err as to the involuntary dismissal of plaintiff's suit against the public defendants, and we affirm that portion of the judgment. However, we reverse the dismissal of the incidental demands filed by some of the defendants.

FACTUAL BACKGROUND
Plaintiff filed suit seeking damages for personal injuries she allegedly received when the automobile she was driving went off the paved portion of a shopping center parking lot and into a ditch. The French Quarter Shopping Center was owned by defendant B.F. Equities, a Louisiana partnership whose partners were William A. Ball and David Ferrell, and was located at 9300 Burbank Drive, Baton Rouge, Louisiana. B.F. Equities was insured by defendant State Farm Fire & Casualty Company (State Farm).
The accident occurred on February 1, 1988, at approximately 7:30 p.m., after the area had experienced extremely heavy rainfall. It is undisputed that the delineation between the pavement and the ditch were obliterated by flood waters and that the edge of the pavement was unmarked. It appeared to plaintiff, who had never before been to the shopping center, that the parking lot extended out toward Burbank Drive much further than it actually did. She did not anticipate deep water, because she could see other cars parked on the lot with water merely a few inches up on the tires.
Among the witnesses at trial was Larry Henderson, an independent eyewitness, who testified that he was the manager of the Piggly Wiggly store in the shopping center on the date of the accident. He testified that approximately twice a year, during the six years he worked at the shopping center, rain water would cause the entire parking lot to flood and the water in the ditches in front of the store to rise to meet the water in the parking lot. He also stated that with every flood there would be someone driving either partially or totally into the ditch.
In her petition against B.F. Equities, Ball, Ferrell, and State Farm, plaintiff alleged strict liability for a premises defect and negligence on the part of the owners of the shopping center for failure to warn customers using the parking lot. She later filed an amended petition, naming as additional defendants the State of Louisiana through the Department of Transportation and Development (DOTD) and East Baton Rouge Parish (Parish). Her allegations against the public defendants were that they failed to design and provide adequate drainage.

DIRECTED VERDICT
A trial court has much discretion in determining whether to grant a motion for a directed verdict. A motion for a directed verdict is appropriately granted in a jury trial only when, after considering all evidentiary inferences in a light most favorable to the party opposing the motion, the court finds the facts and circumstances are so overwhelmingly in favor of the moving party that reasonable people could not arrive at a contrary verdict. If there is substantial evidence in opposition to the motion for a directed verdict, the motion should be denied and the case should be submitted to the jury. Substantial evidence is evidence of such quality and weight that reasonable fair-minded jurors in the exercise of their impartial judgment might reach different conclusions. Myers v. American Seating Co., 637 So.2d 771 (La.App. 1st Cir.), writs denied, 644 So.2d 631, 632 (La.1994).
Reviewing the record, which in this case consists merely of plaintiff's evidence, we conclude that reasonable persons could have reached a verdict contrary to the result directed by the trial judge. Furthermore, we have considered the propriety of the directed verdict in light of the substantive law underpinning the plaintiff's claims, specifically the substantive rules of strict liability and negligence in the maintenance of commercial property. See Adams v. Travelers Ins. Co., 589 So.2d 605 (La.App. 2d Cir. 1991).
To recover against the property owners under either the theory of negligence or *643 the theory of strict liability, the plaintiff had the burden of showing that the parking lot presented an unreasonable risk of harm to customers at the shopping center. When one alleges strict liability and negligence as alternate theories of liability of one who has custody of immovable property, the difference between the two theories is the proof that each requires. Under a negligence theory, the plaintiff must prove that the owner knew or should have known of the unreasonable risk of harm posed by the property. Under a strict liability theory, plaintiff is relieved of proving the knowledge. See Barnes v. New Hampshire Ins. Co., 573 So.2d 628 (La.App. 2d Cir.1991). Under the negligence theory, it is the defendant's awareness of a dangerous condition of the property that gives rise to a duty to act; under a strict liability theory, it is the defendant's legal relationship with the property containing a defect that gives rise to the duty. Oster v. Department of Transportation and Development, 582 So.2d 1285 (La. 1991).
Under either theory, the plaintiff had the burden of proving the following: that the defendants had custody of the parking lot; that the parking lot was defective because it had a condition that created an unreasonable risk of harm; and that the defect was the cause in fact of the injury. See Carter v. Board of Supervisors of Louisiana State University, 459 So.2d 1263 (La.App. 1st Cir. 1984), writ denied, 462 So.2d 1248 (La.1985). Under both theories, the absence of an unreasonably dangerous condition of a thing implies the absence of a duty on the part of the defendant. Oster, supra.
In the instant case, plaintiff's testimony alone provided a sufficient basis for reasonable persons to conclude that the flooded parking lot, owned by B.F. Equities, presented an unreasonable risk of harm, rendering the premises defective. When plaintiff's testimony was coupled with Mr. Henderson's testimony, there was significant evidence to support a finding by a reasonable factfinder that the owners knew or should have known of the defective premises and failed to correct the defect or to warn customers of the danger.
Thus, it is impossible for us to say that a reasonable jury could not have resolved the issues of unreasonable risk and knowledge in favor of plaintiff. The trial court erred in granting the directed verdict and depriving the plaintiff of her right to a jury trial. See Reilly v. Dynamic Exploration, Inc., 571 So.2d 140 (La.1990).
Accordingly, we reverse the trial court's directed verdict in favor of B.F. Equities, Ball, Ferrell, and State Farm. Because the defendants did not have an opportunity to present their defenses to plaintiff's claim, the record before us is not complete and we must remand the case for further proceedings.

INVOLUNTARY DISMISSAL
Plaintiff was not entitled to a jury trial on her cause of action against DOTD and the Parish. Therefore, it was the function of the trial judge to determine whether plaintiff failed in her case in chief to carry her burden of proof against the public defendants. Suffice it to say that our examination of the record convinces us that the trial court did not commit manifest error in dismissing plaintiff's demands against the public defendants. The major flaw in plaintiff's case against DOTD and the Parish was the fact that the accident occurred on property owned by B.F. Equities and not in the custody of either of the public defendants. Accordingly, we will not disturb the trial court's dismissal of plaintiff's suit against DOTD and the Parish.
However, in light of our remand of plaintiff's case against the property owners and their insurer, it is necessary to reinstate the incidental demands to permit decision of the issues involved therein upon completion of the evidence by the defendants.
Appellees B.F. Equities, Ball, Ferrell, and State Farm are cast for all costs of this appeal.
REVERSED IN PART AND REMANDED; AFFIRMED IN PART.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.