652 So.2d 558 (1995)
Yuolanda BURRIS,
v.
WAL-MART STORES, INC. and Richard Alred.
No. 94 CA 0921.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
Writ Denied May 12, 1995.
*559 D. Blayne Honeycutt, Denham Springs, for plaintiff-appellee Yuolonda Burris.
Thomas P. Anzelmo, Metairie, for defendant-appellant Wal-Mart Stores, Inc.
Before LeBLANC, PITCHER and FITZSIMMONS, JJ.
PITCHER, Judge.
Defendant, Wal-Mart Stores, Inc. (Wal-Mart), having obtained a favorable verdict in a jury trial of a slip and fall action, appeals from a trial court's judgment granting a new trial, and from the subsequent adverse judgment rendered by the trial judge on retrial. We reverse.

FACTS AND PROCEDURAL HISTORY
On March 12, 1991, Mrs. Yuolanda Burris (Mrs. Burris) went to the Wal-Mart Store located on Range Avenue in Denham Springs, Louisiana, to purchase baby diapers for her child. After getting the diapers, she decided to return to the front of the store by way of the lingerie section. At trial, Mrs. Burris testified that as she walked through the lingerie section, she turned her ankle when her foot suddenly slid from under her. In an effort to break her fall, Mrs. Burris held her left hand on the buggy she was pushing, and her right hand went down to the floor. Mrs. Burris testified that when her right hand hit the floor, she felt something pop in her left shoulder. Upon examining the floor for what could have caused her to slip, Mrs. Burris stated that she discovered a piece of silver wrapping string. Mrs. Burris reported her accident to store officials and an accident report of the incident was made. Mrs. Burris did not ask for nor seek any medical attention at that time.
On March 19, 1991, Mrs. Burris sought medical attention at the emergency room of the Medical Center of Baton Rouge. At that time, Mrs. Burris gave a history of having injured her right foot, but she did not relate that the injury was the result of an accident at Wal-Mart. Mrs. Burris was referred to Dr. Kurcharchuk, an orthopedic surgeon, for a follow-up of her complaint. Mrs. Burris reported to Dr. Kurcharchuk's office on March 21, 1991. Dr. Kurcharchuk diagnosed a Jones fracture in her right foot and applied a cast.
One month later, on April 20, 1991, Mrs. Burris again sought medical attention at the emergency room of the Baton Rouge General Hospital. On this visit, Mrs. Burris complained of pain and numbness in her left arm. Mrs. Burris related a history of recently falling on her arm. Again, the history did not include any information about the Wal-Mart incident. Mrs. Burris saw Dr. Kurcharchuk several days later for this complaint. Dr. Kurcharchuk diagnosed her condition as tendinitis caused by a spur pressing against the superspanatus tendon. Orthoscopic surgery was performed on Mrs. Burris' shoulder to resolve the tendinitis and pain she was experiencing. Dr. Kurcharchuk described the surgery as being prophylactic in nature.
After her shoulder surgery, Mrs. Burris began to complain about pain in her hands. She related this complaint to Dr. Kurcharchuk, and he diagnosed this complaint to be symptomatic of Carpal Tunnel Syndrome. Mrs. Burris told Dr. Kurcharchuk that she had jammed her hands against the steering wheel of an automobile. Dr. Kurcharchuk performed decompression surgery on Mrs. Burris' left hand in late 1991, and an endoscopic carpal tunnel release on the right hand in January of 1992.
Mrs. Burris filed suit against Wal-Mart[1] on June 19, 1991. In her petition, Mrs. Burris claimed that she sustained injuries to her ankle, shoulder and wrist when she slipped at Wal-Mart. Trial on the merits was held on February 2-3, 1993. At the conclusion of the trial, the matter was submitted *560 to the jury. In an effort to assist them in their deliberations, the jury was given a form with ten jury interrogatories. Jury interrogatory number one asked:
Did plaintiff, Youlanda [sic] Burris, slip and/or fall at the Wal-Mart Store on March 12, 1991, as a result of any foreign substance on the floor in that store?
In response to this interrogatory, the jury unanimously responded "no", which ended their deliberations. The trial judge entered judgment accordingly, dismissing Mrs. Burris' suit.
On March 15, 1993, Mrs. Burris moved for a new trial contending that the verdict rendered by the jury was clearly contrary to the law and evidence presented at the trial. In the alternative, Mrs. Burris asserted that the court had the power to order a new trial on its own discretion pursuant to LSA-C.C.P. article 1971. Wal-Mart filed an opposition to Mrs. Burris' motion for new trial on April 5, 1993.
On April 5, 1993, the trial judge granted the motion for new trial. The trial judge, the Honorable Robert H. Morrison, III, stated that he did not feel that the motion should be granted on peremptory grounds, but found that a new trial should be granted on nonspecific discretionary grounds.
On April 8, 1993, Mrs. Burris filed a first supplemental and amended petition, alleging that her damages were now less than $20,000.00, exclusive of interest and costs.
The case was reassigned for a new trial before the Honorable Bruce C. Bennett. At a pretrial conference, the parties agreed to submit the case for decision on the record of the proceedings in the previous jury trial. On February 9, 1994, Judge Bennett rendered judgment in favor of Mrs. Burris and against Wal-Mart in the amount of $20,000.00, together with legal interest and costs.
Wal-Mart has filed this suspensive appeal, setting forth the following assignments of error for our review:
1. The original trial judge erred in failing to grant the defendant's motion for directed verdict made at the close of plaintiff's case in chief, as there was absolutely no evidence introduced tending to establish constructive notice pursuant to La.R.S. 9:2800.6.
2. A) The original trial court departed from proper judicial procedure and erred in granting the plaintiff's motion for new trial when a fair interpretation of the evidence supports the jury's verdict; where the plaintiff failed to establish a prima facia case; and where no miscarriage of justice would be perpetuated.
B) The original trial judge grossly departed from proper judicial procedure and clearly erred in granting the new trial as it was an abuse of discretion to award a new trial in this case when there was no "good ground" therefore and there was no finding that a miscarriage of justice did occur.
3. In the bench trial of this matter after the granting of a new trial, the trial judge erred in awarding judgment for the plaintiff as the judgment is manifestly erroneous in that:
A) The trial court erred in finding that there was constructive notice when absolutely no evidence was introduced tending to establish how long the alleged hazardous condition had been on the premises.
B) The trial court was manifestly erroneous in accepting the plaintiff's testimony as it was thoroughly impeached at trial.

ASSIGNMENT OF ERROR NUMBER ONE
By way of this assignment of error, Wal-Mart contends that the original trial judge erred in failing to grant its motion for directed verdict at the close of Mrs. Burris's casein-chief. Wal-Mart argues that there was absolutely no evidence introduced to establish constructive notice pursuant to LSA-R.S. 9:2800.6.
The motion for directed verdict is governed by LSA-C.C.P. article 1810 which provides as follows:
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event *561 that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
A trial judge has much discretion in determining whether or not to grant a motion for a directed verdict. Barnes v. Thames, 578 So.2d 1155, 1162 (La.App. 1st Cir.), writs denied, 577 So.2d 1009 (La.1991). A motion for a directed verdict may be granted when, after considering all evidentiary inferences in the light most favorable to the mover's opponent, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. Jordan v. Intercontinental Bulktank Corporation, 621 So.2d 1141, 1153 (La.App. 1st Cir.), writs denied, 623 So.2d 1335, 1336 (La. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 926, 127 L.Ed.2d 219 (1994). A directed verdict must be evaluated in light of the substantive law underpinning the plaintiff's claim. Adams v. Travelers Insurance Company, 589 So.2d 605, 608 (La.App. 2nd Cir. 1991).
After a thorough review of the record, we cannot say that the trial judge abused his discretion with regards to the granting of the motion for directed verdict. Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, Wal-Mart contends that the trial judge erred in granting Mrs. Burris' motion for new trial. Wal-Mart argues that the granting of a new trial on discretionary grounds was an abuse of discretion when there was no good grounds therefor, and there was no finding that a miscarriage of justice would occur.
A new trial may be granted for good grounds in any case. LSA-C.C.P. article 1973. The law is clear that the granting or denying of a motion for new trial rests within the wide discretion of the trial court and its determination shall not be disturbed absent an abuse of that discretion. However, the discretionary power to grant a new trial must be exercised with considerable caution, for a successful litigant is entitled to the benefits of a favorable jury verdict. Engolia v. Allain, 625 So.2d 723, 729 (La.App. 1st Cir.1993). The fact that a determination on a motion for new trial involves judicial discretion does not imply that the trial court can freely interfere with any verdict with which it disagrees. Gibson v. Bossier City General Hospital, 594 So.2d 1332, 1336 (La.App. 2nd Cir.1991).
After the hearing on the motion for new trial, the trial judge rejected Mrs. Burris' contention that she should be granted a new trial because the jury's verdict was contrary to the law and evidence. However, when considering whether he should grant a new trial on discretionary grounds, the trial judge stated:
... I'm not sure that the jury's verdict was actually dispositive of the jury's feelings. It may very well have been that they didn't believe some of what the plaintiff was staying [sic] in this instance, but there was other evidence that would tend tosuch as the medical evidencethat would be at least consistent with the plaintiff's version of theof what happened. Now, whether or not thatunder the circumstances presented an unreasonable risk of harm and whether a jury mightmight have gone to question two and still concluded that there was no liability in the case remains to be seen. I justin this case, after thinking about it, I feel like from a discretionary standpoint, I'm going to grant a new trialthat it's something that I feel, after observing the trial and the evidence that was presented is something that was that's just justified under the circumstances. So I will grant a new trial under those grounds.
Nowhere in this statement can we glean that the trial judge felt that a miscarriage of justice would occur if a new trial was not *562 granted. We do not say that it is necessary that the magical words "miscarriage of justice" must always be stated in order for the granting of a new trial on discretionary grounds to pass appellate review. However, we do feel that it is necessary for the trial judge to state an articulable reason or reasons as to why he is exercising his discretionary powers. In this instance, the closest the trial judge came to articulating a reason why he would grant a new trial is his statement that "... the medical evidence ... would be at least consistent ..." with the plaintiff's version of what happened. However, the medical evidence could also be consistent with Wal-Mart's claim that her injuries were the result of a December, 1990 automobile accident, which she initially tried to conceal. Moreover, the record reveals other instances where Mrs. Burris' testimony was impeached and a jury could have easily found, as we surmise they did, that all of her injuries were the result of the automobile accident. If the jury did not believe Mrs. Burris' testimony, it was the result of her own device. Wal-Mart is entitled to the benefits of the favorable jury verdict it obtained at the first trial of this matter. Therefore, we find that the original trial judge abused his discretion in granting a new trial.

ASSIGNMENT OF ERROR NUMBER THREE
Because we find that there was an abuse discretion in the granting of a new trial, a discussion of this assignment of error is unnecessary.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting a new trial is hereby reversed. This matter is remanded to the trial court with orders to vacate the trial court's judgment in the second trial of this matter and reinstate the jury verdict from the original trial.
All costs of this appeal are assessed against plaintiff, Mrs. Yuolanda Burris.
REVERSED AND REMANDED.
NOTES
[1] Richard Alred, the manager of the Wal-Mart store, was also named as a defendant. However, the record does not reflect that a judgment was rendered against Mr. Alred.