**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**07-944**

**DERRICK SHAWN JAMES**

**VERSUS**

**LYNDEN BURTON, ESQ.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
SIXTEENTH  JUDICIAL DISTRICT COURT
PARISH OF IBERIA  NO. 109,421-F
HONORABLE EDWARD M. LEONARD, JR. DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Glenn B. Gremillion, and Sylvia R. Cooks
Judges.

**WRIT DENIED**.

**Edward Moses, Jr.**
**Davis Law Firm**
**622 Shadow Lane Suite A**
**Baton Rouge, LA 70806**
**(225) 216-0101**
**Counsel for Plaintiff-Applicant:**
**Derrick Shawn James**

**James H. Gibson**
**David J. Ayo**
**Allen & Gooch**
**P. O. Drawer 3768**
**Lafayette,  LA 70502**
**(337) 291-1300**
**Counsel for Defendant-Respondent:**
**Lyndon Burton**

**PICKETT, Judge**

## FACTS

The petitioner filed a Petition For Damages For Legal Malpractice in the Sixteenth Judicial District Court on March 21, 2007. The defendant was served with that petition on March 28, 2007.

On April 13, 2007, a preliminary default was entered against the defendant.

On April 16, 2007, the defendant filed the original answer, by hand, with the Clerk of Court. That answer is stamped "Filed For Record" with both the date, April 16, 2007, and the time, 3:46 p.m., noted. That same day, the defendant also fax-filed the answer.

On April 30, 2007, the plaintiff confirmed the default previously entered and judgment was rendered in favor of the plaintiff and against the defendant.

On May 1, 2007, the defendant paid all required fees and also filed a Motion For New Trial. The clerk notified the plaintiff at that time that an answer had been filed. Subsequently, the plaintiff filed an opposition to the defendant's motion.

A hearing was held on the Motion For New Trial on May 30, 2007. After reviewing the record and considering the arguments of counsel, the trial court found an answer had been filed prior to the confirmation of the defendant and granted the defendant's motion for a new trial.

## ISSUE

The plaintiff filed a writ application with this court, arguing the trial court erred as a matter of law by granting the defendant's motion for new trial. This court issued an order that this matter be called up for full briefing and argument.

1

## DISCUSSION

Louisiana Code of Civil Procedure Article 1973 provides that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." The supreme court examined the granting of a motion for new trial under Article 1973 in *Horton v. Mayeaux*, 05-1704, pp. 9-10 (La. 5/30/06), 931 So.2d 338, 344 (alteration in original), finding the following:

> La. Code of Civ. Proc. art. 1973 allows a district court to use its discretion to order a new trial whenever it is "convinced by [its] examination of the facts that the judgment would result in a miscarriage of justice." *Lamb v. Lamb*, 430 So.2d 51, 53 (La.1983)[.] In fact, Louisiana courts have traditionally held that, when a district court is convinced that a miscarriage of justice has occurred, it has "virtually unlimited discretion to grant a new trial," and, "unless an abuse of discretion can be demonstrated, a trial court's action in granting or denying a new trial on discretionary grounds will not be reversed." *See, e.g., Johnson v. Missouri Pacific R.R. Co.*, 00-0980 (La.App. 3 Cir. 7/25/01), 792 So.2d 892; *Capitol Nursing Home, Inc. v. Nixon*, 99-0378 (La.App. 1 Cir. 3/31/00), 764 So.2d 1016, and cases cited therein. Generally, the only requirement has been that the district court "state an articulable reason or reasons as to why he is exercising his discretionary powers." *Burris v. Wal-Mart Stores, Inc.*, 652 So.2d 558, 562 (La.App. 1 Cir.), *writ denied*, 654 So.2d 562 (La.1995).

In the matter before us the trial court exercised its discretion and granted a new trial, finding an answer had in fact been filed prior to the confirmation of the default judgment. The plaintiff argues that the answer hand-delivered to the clerk's office could not be considered "filed" because it was never processed as the defendant failed to pay the associated fee. Further, the plaintiff argues the fax-filed answer has no force and effect because, under La.R.S. 13:850, a party filing any paper by fax must pay both the applicable filing fee and a transmission fee of five dollars within five days of the filing and this was not done. The plaintiff argues, therefore, that since neither answer was properly filed, they were without effect, the confirmation of the default is valid, and the trial court erred in granting a new trial.

2

Louisiana Code of Civil Procedure Article 1002 provides that an answer may be filed at any time prior to confirmation of a default judgment against him.

The defendant filed his original answer prior to the confirmation of the default judgment. That answer, which is of record, was specifically marked "Filed For Record, Apr. 16, 2007, 3:46 PM" The trial court correctly found that this filing prevented the entry of a valid confirmation of a default judgment. Whether the subsequent fax filing was valid is irrelevant. When the clerk's office accepted the answer and marked it "Filed For Record," it became a part of the record whether the clerk's office finished processing it or not. The defendant had a right to rely on this filing to prevent a default judgment being confirmed against him.

We find no abuse of the trial court's discretion in its determination that an answer had been filed prior to the confirmation of default judgment and his granting of a new trial.

**WRIT DENIED.**