| VITA CHENET | * | NO. 2024-C-0431 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| COLGATE-PALMOLIVE COMPANY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

*PAB*

**BROWN, J., DISSENTING WITH REASONS**

Contrary to the majority, I would deny the writ application filed by Relator—Colgate-Palmolive Company—seeking review of the district court's June 18, 2024 judgment, which granted Respondents'—Vita Chenet (Deceased), Henry Chenet, and Wayne Chenet—motion for new trial.

"The decision to grant or deny a motion for new trial 'rests within the wide discretion of the trial court.'" *Lepree v. Dorsey*, 22-0853, p. 22 (La. App. 4 Cir. 8/11/23), 370 So.3d 1191, 1204 (quoting *Occidental Props. Ltd. v. Zufle*, 14-0494, p. 11 (La. App. 5 Cir. 11/25/14), 165 So.3d 124, 131). In the district court's thorough reasons for judgment, the motion for new trial was granted because, among other reasons, the testimony given by Relator's expert "had a substantial effect on the outcome of this case and made it impossible for the jury to reach a proper verdict." Despite not using the term "miscarriage of justice," I find that the district court provided ample articulable reasons as to why the motion for new trial was granted. *See Burris v. Wal-Mart Stores, Inc.*, 94-0921, p. 7 (La. App. 1 Cir. 3/3/95), 652 So.2d 558, 562, *writ denied*, 95-0858 (La. 5/12/95), 654 So.2d 352 (holding that the words "miscarriage of justice" need not be present for granting a motion for new trial where the district court provides other articulable reasons for exercising discretionary power).

Additionally, this Court has noted that "[t]he Louisiana Supreme Court has consistently found that jury confusion constitutes good ground for granting a new trial." *Martinez v. LG Electronics U.S.A, Inc.*, 24-0445, p. 5 (La. App. 4 Cir. 8/2/24), ___ So.3d ___, ___, 2024 WL 3633518, at *3 (citing *Napoleon v. LAMMICO*, unpub., 22-0667, p. 2 (La. App. 4 Cir. 12/1/22); *see also Pitts v. La. Med. Mut. Ins. Co.*, 16-1232, p. 11 (La. 3/15/17), 218 So.3d 58, 66; *Warren v. Shelter Mut. Ins. Co.*, 16-1647, p. 19 (La. 10/18/17), 233 So.3d 568, 581-82. This confusion must be "substantial enough to mislead the jury to the extent that it was prevented from dispensing justice." *Martinez*, 24-0445, p. 5, ___ So.3d ___, ___, 2024 WL 3633518, at *3 (quoting *Provosty v. Arc Constr., LLC*, 15-1219, p. 7 (La. App. 4 Cir. 11/2/16), 204 So.3d 623, 628) (internal quotation marks omitted). As stated by the majority in its opinion, the law of this case established that asbestos was a cause of Vita Chenet's ("Ms. Chenet") mesothelioma. In hearing testimony so establishing that fact, the jury was tasked with determining: (1) whether Relator's powder contained asbestos; and (2) whether Ms. Chenet's contraction of asbestos was caused by usage of Relator's powder or from another form of exposure, such as Ms. Chenet's time spent at Higgins shipyard.

While the first question for the jury may appear simple on its face—whether Relator's powder contains asbestos—the statement made by Dr. Attanoos conflated the two questions posed to the jury. Both the unfounded insinuation that Ms. Chenet's father died as a result of an asbestos-related disease from his time spent as a shipyard worker and the evidence regarding Ms. Chenet's own time spent in shipyards are highly relevant and prejudicial to the jury's determination of whether Relator's powder contained asbestos. Put more simply, if the jury accepted Dr. Attanoos' statement as fact, they would be more influenced to conclude that the cause of Ms. Chenet's illness mirrored that of her father, i.e., her time spent in a shipyard. I find the baseless statement was substantial enough to

impact and influence the jury's consideration of whether Relator's powder contained asbestos.

Accordingly, I do not find that the district court abused its discretion in granting a new trial because, not only was Dr. Attanoos' statement relevant, but it "made it impossible for the jury to reach a proper verdict." For these reasons, I dissent.