792 So.2d 808 (2001)
Sara T. YOCOM, Plaintiff-Appellant,
v.
Dr. Austin GLEASON, et al., Defendants-Appellees.
No. 34,839-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2001.
*809 Allan R. Harris, Shreveport, Counsel for Appellant.
Craig O. Marcotte, Shreveport, Counsel for Appellee.
Before BROWN, STEWART and CARAWAY, JJ.
STEWART, J.
The plaintiff, Sara Yocom, appeals a judgment granting an involuntary dismissal in favor of the defendant, South Park Medical Plaza Owners Association, Inc. For the following reasons, we affirm.

FACTS
Prior to the incident from which this appeal arises, Yocom had fallen from a step-ladder when changing a battery in a smoke detector while in her employment as a sitter for an elderly couple. As a result of the fall, Yocom bruised her tailbone and required physical therapy for her injury. Yocom's therapy involved participation in the work-hardening program at Tri-State Physical Therapy, which is located in the South Park Medical Plaza in *810 Shreveport, Louisiana. On June 3, 1998, while Yocom was walking laps with fellow patients around the building that houses Tri State Physical Therapy, she stepped on a sprinkler head on the sidewalk and fell, injuring her back. Yocom was treated for her injury by Dr. Austin Gleason, who prescribed pain medications. Treatment was free of charge and continued for almost a year.
Following her fall on June 3, 1998, Yocom filed suit against South Park Medical Plaza, Inc.; South Park Medical Plaza Rentals, L.L.P.; South Park Medical Plaza Owners Association, Inc.; Mississippi Land Company, Inc.; and Dr. Austin Gleason. Dr. Gleason was later dismissed from the suit by Yocom. Among the other defendants, only South Park Medical Plaza Owners Association, Inc., which was properly served, filed an answer. At the trial on the merits, the evidence presented consisted of the testimony of Yocom and her fiancee, Thomas Byrd, Jr., as well as Yocom's medical records from Orthopedic Specialist of Louisiana, where she was treated by Dr. Gleason, and from the Center for Behavioral Health of Louisiana, Inc.
Yocom's testimony recounted the facts regarding her initial treatment for the fall from the step-ladder, the fall while participating in physical therapy at Tri-State Physical Therapy, and her subsequent treatment for the back injury from the second fall. Yocom could not give the address for Tri-State Physical Therapy but did state that it was in the South Park Medical Plaza. Yocom testified that she was treated at the Center for Behavioral Health of Louisiana, Inc., for "pain medication to function." However, her testimony was in conflict with the medical records which indicated that she was in treatment for drug addiction. Yocom also testified about the decreased quality of life she has experienced since injuring her back.
Byrd's testimony pertained strictly to Yocum's decreased quality of life since injuring her back. In short, Byrd testified that Yocom no longer engages in the same hobbies and activities and has difficulty finding employment as a result of the pain.
At the close of Yocom's case, the defendant moved for an involuntary dismissal and declined to put forth any evidence. In written findings of fact and reasons for judgment, the trial court determined, as a matter of fact, that on June 3, 1998 Yocom "was walking along a sidewalk near the South Park Medical Plaza" and that while she was walking, she "tripped across what was described as part of an underground sprinkler head, and fell." The trial court then concluded that there was no evidence to establish the identity of the property owner and that there was insufficient evidence to establish the existence of either a defect in the property or an unreasonable risk of harm due to the condition on the property.

DISCUSSION
Yocom asserts on appeal that the trial court erred in finding that she failed to establish ownership of the property where she fell and in finding that the sprinkler head failed to constitute a defect on the property. Yocom insists that the mere fact that the sprinkler head was on the sidewalk and that she tripped over it is sufficient to prove that the defendant is liable for her injuries.
With regard to a motion for an involuntary dismissal, La. C.C.P. art. 1672(B) provides as follows:
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the *811 ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
It is fundamental in our law that every act of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2315. This fundamental principle is explained further by La. C.C. art. 2317, which provides that we are not only responsible for damages occasioned by our own act, but also for damages "caused by the act of persons for whom we are answerable, or of things which we have in our custody." Specifically, with regard to the issue presented in this appeal, La. C.C. art. 2317.1 states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Recovery under a theory of negligence or strict liability requires the plaintiff to prove that "the defendant had custody of the thing causing the injury; that it contained a defect, that is, a condition creating an unreasonable risk of harm; and that the defective condition caused the plaintiff's injury." Davis v. Diamond Shamrock Refining and Marketing Company, 34,309 (La.App.2d Cir.12/6/00), 774 So.2d 1076 at 1081. As provided in La. C.C. art. 2317.1, proof of knowledge of the defect by the owner or custodian is required.
Factual findings of the trial court are subject to the manifest error or clearly wrong standard of review. LeJeune v. Union Pacific Railroad, 97-1843 (La.4/14/98), 712 So.2d 491. The issue to be resolved is not whether the trier of fact was right or wrong, but whether the trier of fact's conclusion was a reasonable one. Davis v. Diamond Shamrock Refining and Marketing Company, supra; Lowery v. Savana, 33,384 (La.App.2d Cir.5/10/00), 759 So.2d 1020.
At trial, Yocom produced no evidence that the defendant, South Park Medical Plaza Owners Association, Inc., had possession or custody of the strip of sidewalk that was allegedly defective due to the presence of the sprinkler head. Furthermore, assuming that the presence of the sprinkler head on the sidewalk could be considered a defect, Yocom produced no evidence that the defendant knew or should have known of the presence of the defect. Finally, Yocom presented no evidence, other than her fall, that the sprinkler head presented an unreasonable risk of harm to people walking along the sidewalk.
Because of the paucity of evidence presented at trial as to the elements necessary to establish liability under articles 2315 through 2317.1, we find that Yocom failed to meet her burden of proof. The trial court's decision to grant the defendant's motion for involuntary dismissal and its findings of fact following consideration of the evidence were entirely reasonable.

CONCLUSION
For the reasons expressed, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.