United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

———————————

No. 03-31022

(Summary Calendar)

———————————

CLAIRE R. PENNINGTON,

Plaintiff-Appellant,

versus

HOLIDAY RETIREMENT CORP.; SHREVEPORT RETIREMENT RESIDENCE II LLC; TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

Defendants-Appellees.

———————————

Appeal from the United States District Court
For the Western District of Louisiana
USDC No: 5:02-CV-84

———————————

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant, Claire R. Pennington, appeals the district court's grant of summary judgment in

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favor of Appellees, Holiday Retirement Corp., Shreveport Retirement Residence, II, LLC, and Travelers Indemnity Co. of Illinois (collectively "Holiday"). Pennington sued Holiday after suffering injuries from a fall off a sidewalk at Summerfield Estates Retirement Residence. Pennington claims that the gap between the edge of the sidewalk and the edge of the grass was wide enough to constitute a condition creating an unreasonable risk of harm. Holiday moved for summary judgment. The district court granted summary judgment concluding that the gap between the sidewalk and the grass was not an unreasonably dangerous condition.

We review a district court's grant of summary judgment *de novo*. *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

In order to recover under a theory of negligence or strict liability under Louisiana law, a plaintiff, *inter alia*, must establish that there is a condition creating an unreasonable risk of harm. *See Yocum v. Gleason*, 792 So.2d 808, 811 (La. App. 2d Cir. 2001); *Williams v. Leonard Chabert Med. Ctr.*, 744 So.2d 206, 209 (La. App. 1st Cir. 1999). We agree with the district court's application of Louisiana's risk-utility balancing test and conclude that the district court did not err in finding that the gap between the sidewalk and the grass was not an unreasonably dangerous condition. *See Williams*, 744 So.2d at 209-12; *Maxwell v. Bd. of Trustees*, 692 So.2d 641 (La. App. 3d Cir. 1997); *Barnes v. New Hampshire Ins. Co.*, 573 So.2d 628 (La. App. 2d Cir. 1991).

Accordingly, the judgment of the district court is AFFIRMED.