Hillsborough, } No. 3751.
July 6, 1948.

ALICE MITCHELL *v.* CHARLES LEGARSKY and MARY LEGARSKY.

*Robert E. Earley* and *Paul J. Doyle* (*Mr. Earley* orally), for the plaintiff.

*Albert Terrien* and *Thomas J. Leonard* (*Mr. Terrien* orally), for the defendants.

BRANCH, C. J.   The plaintiff and the defendant Mary Legarsky are sisters-in-law.   Upon July 3, 1945, the defendant invited her to come to her house and do some sewing.   There was no suggestion that she was to be paid for this service, and at a pre-trial hearing it was decided that she was not an employee of the defendant.   There was evidence that the plaintiff fell down a flight of steps from the defendants' piazza when she caught her toe in a torn piece of linoleum at the edge of the top stair.   The Trial Court ruled that the plaintiff, at the time of her injury, occupied the status of an invitee and charged the jury to this effect.   The defendant took the position that she was merely a gratuitous licensee and based their motions for a nonsuit and a directed verdict upon this ground.

The defendants did not except to the ruling of the Court that the plaintiff was an invitee of the defendants, but did except to the denial

of their motions. The plaintiff now argues "that an instruction not excepted to becomes the law of the case and is not open to review," and that, therefore, the question of the plaintiff's status is closed. We think that the plaintiff here presses the rule as to the law of the trial too far. Exceptions properly taken to the denial of the motions for a nonsuit and a directed verdict were not destroyed by subsequent instructions which, in effect, reiterate the Court's denial thereof. All questions raised by the motions for a nonsuit and a directed verdict are now before this court regardless of the inconsistent rulings and instructions upon them.

We are of the opinion that, under the evidence in this case, the plaintiff was a gratuitous licensee, or bare licensee, toward whom the defendants owed only a limited duty of care. "As stated in section 342, a possessor owes to a bare licensee only the duty to exercise reasonable care to disclose to him dangerous defects which are known to him and likely to be undiscovered by the licensee." Restatement, Torts, s. 343, *comment a*. On this view of the case, however, the evidence required the denial of the defendants' motions. Mrs. Legarsky, called as a witness for the plaintiff, testified on direct examination as follows: "Q. I am going to read this question that I asked you in your deposition. If there was a piece of linoleum sticking up on the edge of the piazza as a result of its having been torn, you knew that it would be a dangerous condition, did you not? . . . A. Yes. Q. And do you mean that? A. Yes. Q. So that you did know that it was dangerous to have that split and turn up there? A. Yes, it was. Q. Now was there anything that you know of that Mrs. Mitchell did that was negligent or careless on her part as she came along there? A. No. Q. For how long a period had that been there? A. Oh, for several days."

We are of the opinion that, upon this evidence, it might be found that the defendant's knowledge was such as to impose upon her a duty to disclose the dangerous situation to the plaintiff. There was no error in the denial of the defendants' motions for a nonsuit and a directed verdict.

There was also evidence in the case that about a year after the accident, as the plaintiff was going up the cellar stairs in her house, she lost her balance and sought to sustain herself by holding onto the rail with her right hand, and as she described it, she couldn't hold herself because of the weakness of the right hand and sustained a second fall for which she sought to recover damages in the present case.

The qualified orthopedic surgeon testified that such a weakness in her right hand at the time of the second accident in all probability would result from the accident that occurred on July 3. From this evidence it might be found that the second fall was a natural consequence of the first and that the plaintiff was, therefore, entitled to recover for the damages thus sustained.

It cannot be said, as a matter of law, that the plaintiff was negligent in failing to discover the torn linoleum before she fell. Mrs. Legarsky, by her own testimony quoted above, acquitted her of any negligence or carelessness in this respect and she appears to have commenced her descent of the steps in a perfectly normal manner. The language used by this court in *Cartier* v. *Hoyt Shoe Corp.*, 92 N. H. 263, 265, is equally applicable to the present case. It is there said: "The evidence fails to compel a conclusion of the plaintiff's fault. Due care did not necessarily require her to anticipate the unsafe condition at the edge of the floor where she stepped down on the stairway, and thus to look at it to see if it was safe. It was in evidence that she was familiar with the premises and had used the stairway in going up to the floor from which she fell without notice of any defects. . . .What occasion she had to take precautions against the chance of the danger she encountered became an issue of fact. Failure to investigate, however simple and easy the investigation might be, was not an omission of care as matter of law. Her conduct findably measured up to the required standard in anticipating and taking precautions against possible dangers."

*Judgment on the verdict.*

All concurred.