109 N.J. Super. 402 (1970)
263 A.2d 486
JOANNE BENEDICT AND RICHARD BENEDICT, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
THOMAS PODWATS AND JOYCE PODWATS, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1970.
Decided March 31, 1970.
*404 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Bartholomew A. Longo argued the cause for appellants (Messrs. Haskins, Robottom & Hack, attorneys).
Mr. Karl R. Meyertons argued the cause for respondents.
The opinion of the court was delivered by KILKENNY, P.J.A.D.
This personal injury negligence action was tried before a jury and resulted in a verdict in favor of plaintiff Joanne Benedict in the amount of $21,000 and in favor of her co-plaintiff husband Richard Benedict in the amount of $1500 for loss of consortium. Defendants' motion for a new trial was denied. Thereupon, defendants *405 filed this appeal from the judgment based upon the verdict and from the order denying a new trial.
The facts are simple, clear and, for all practical purposes, undisputed.
On the morning of October 19, 1967 plaintiff Joanne Benedict drove to the home of her sister, defendant Joyce Podwats, to do at her request a floral arrangement in a room divider. Joanne had the day before purchased the flowers for the arrangement, for which she was paid by her sister Joyce. Plaintiff let herself into Joyce's home  not finding Joyce there at the time  with a spare key picked up at the home of their mother who lived nearby.
While at defendants' home Joanne "straightened up," did some dusting, put out some laundry her sister had done, and then got ready to do the floral arrangement. She had done such arrangements for her sister on prior occasions. After hanging out the laundry, she returned to the house and continued arranging the flowers.
A short time later Joanne's mother stopped by the house and told her that it looked like rain. After her mother left, she decided that she would take the sheets off the line because it was getting quite windy. As plaintiff was walking toward the back yard, she fell at or near the edge of the patio and landed on her back on the sidewalk at the bottom of the steps, sustaining the injuries for which she and her husband were awarded damages by the jury, as noted above.
Joanne's legal status at the time of her injuries on defendants' premises was a crucial question at the trial. She had come to her sister's home at the latter's asking to make up the floral arrangement. She had bought the flowers for that purpose. Plaintiff testified that her sister had also asked her to "do anything I'd see to be done." So, she went to the basement, brought up a basket of laundry and hung out the laundry on the wash line near the patio. She cleaned around the house, made the floral arrangement and had her accident while going down the brick steps to reach *406 the clothes line and bring in the clothes. The patio, of course, led out to the back yard. In all, she was at her sister's home doing these chores for about two hours, from about 11:30 A.M. to about 1:30 P.M. The jury could properly find, as it evidently did, that plaintiff's fall was caused by a defective condition in and about the patio and brick steps.
The trial judge instructed the jury that the injured plaintiff was "an invitee," and explained the duty of an owner of property to invitees. He noted that the property owner must exercise reasonable care to have the premises in a safe condition, and the duty to the invitee includes a duty to make a reasonable inspection to discover defective conditions. Further, the jury was told that this duty of care was owed by defendant to plaintiff Mrs. Benedict and, to recover, the jury must find that there was a violation of that duty of care and that the violation was the cause of this accident and of the injury Mrs. Benedict sustained. The trial judge denied defendants' request to instruct the jury as to the "social guest" rule.
Defense counsel objected to that part of the charge whereby the jury was told "the plaintiff was an invitee." On appeal defendants urge two grounds for a reversal. First, they argue that the trial court erred in denying their motion for a judgment in their favor at the end of plaintiffs' case. It is their position that (a) Joanne, sister of Joyce, was a social guest or gratuitous licensee on defendants' premises at the time she fell, and (b) under our law, defendants did not breach their duty to Joanne to warn her of known dangerous conditions on the premises. Secondly, defendants maintain that the trial court erred in failing to instruct the jury as to the permissibility of a finding that Joanne was either a licensee or invitee at the time of her alleged fall and thus entitled to the standard of care commensurate with her status.
It is true that "the duty owed by an occupier of land to third persons coming thereon is determined according *407 to the status of such third person, i.e., invitee, licensee or trespasser. Indeed, the ascertainment of that status is an essential preliminary to the application of the standard of care to be exercised by the land occupier. [Cases cited]." Snyder v. I. Jay Realty Co., 30 N.J. 303, 311 (1959).
A "social guest" has been defined as a gratuitous licensee in that while he is on the premises of another as a result of an "invitation" in the laymen's sense of the word, he is not an "invitee" within the legal meaning of the term. The social guest enjoys the hospitality of the host and expects that the host will take the same care of him as he does of himself and his family. However, the host must warn a social guest of risks of harm or dangerous conditions of which the host has knowledge and the guest is unaware. Berger v. Shapiro, 30 N.J. 89, 97-98 (1959); Restatement of Torts 2d (1965), § 342.
On the other hand, the duty of care owed by an occupier of land to his "invitee," legally understood, as the trial court properly charged, "is to use reasonable care to make the premises safe, and this includes the duty to make a reasonable inspection to discover defective conditions." Handleman v. Cox, 39 N.J. 95, 111 (1963).
It has been said that a person who is on the homeowner's premises to confer some benefit upon the invitor is regarded as an invitee and is owed a greater duty of care than a licensee. Berger v. Shapiro, supra, 30 N.J., at 96. "The Restatement of Torts, § 331, defines a social guest as a gratuitous licensee." Ibid.
In Pearlstein v. Leeds, 52 N.J. Super. 450 (App. Div. 1958), plaintiff was injured as the result of a fall on a waxed stairway in defendants' home. She had assisted defendant in preparations as well as being one of the party guests. We held that plaintiff was a "social guest" and "remains such despite the performance of services beneficial to the host in the course of the visit." (At 458). Thus, a house guest invited for some social purpose does not change her legal *408 status to that of an invitee merely because she helps in the party preparations or helps to wash the dishes as a favor to the hostess at the close of the festivities.
In the instant case, however, the injured sister was not invited for the purpose of engaging in some social gathering, but solely to perform chores for her homeowner sister, thereby conferring a benefit upon the invitor. True, she received and expected no compensation for her labors  only reimbursement for the flowers purchased for the floral arrangement  and, presumably, her work efforts constituted a labor of love, born of the affection of one sister for another.
The questions are: (1) Did the trial court have the right to determine Joanne's legal status as that of an invitee, without submitting that issue for resolution by the jury? (2) Assuming the trial court had the right to determine her legal status, was its decision legally correct?
We answer the first question in the affirmative. The facts were not in dispute, so that there was no need for jury intervention to determine factual issues. In fact, defendants in their motion for judgment requested the trial court to decide as a matter of law that plaintiff was a "social invitee." Upon the undisputed facts, her legal status was properly a question of law to be determined by the trial judge. Certainly, he was better qualified than the jury to determine the legal conclusion to be drawn from the uncontradicted facts.
As to the second question of whether plaintiff was an "invitee" or "social guest," as those terms are legally understood, we conclude that, under the totality of the circumstances herein, the trial court correctly decided that the injured plaintiff was an "invitee." She had been invited to come to her sister's home to perform services for her sister. While performing the requested work, she sustained her injuries by reason of a defective condition on her sister's premises. The jury's verdict indicates a finding of negligence on the part of defendants and no contributory negligence on the part of the injured plaintiff. The quantum of damages *409 awarded by the jury has not been challenged. Even if it had been, the seriousness of plaintiff's injuries would have justified it.
To hold that the visit of one sister to the home of another sister solely to work there, during the absence from the home of the invitor-sister, makes the visitor a "social guest," would enlarge the meaning of the word "social" beyond its normal connotation.
In 65 C.J.S. Negligence § 63 (112), at 866, the general rule is stated as follows:
A person who enters premises or a portion thereof to perform work for the owner or occupant occupies the status of an invitee, to whom a duty of reasonable care is owed * * * even though such work is performed gratuitously.
The fact that the services are performed gratuitously does not negate the status of the person doing them as an invitee. Id., at 870. In support thereof, see Cozine v. Shuff, 378 S.W.2d 635 (Ct. App. Ky. 1964), where the injured plaintiff came to her sick sister's home to help her do her housework and slipped on lard negligently spilled by defendant on a linoleum floor. She was held to be an invitee and entitled to recover. So, too, in the case of a person who came to his friend's home to help him install a fan the same conclusion as to being an "invitee" was reached, although there was a failure of proof of negligence. Shepherd v. Whigham, 220 Ga. 684, 141 S.E.2d 583 (Ct. App. 1965). For a contrary view, see Mitchell v. Legarsky, 95 N.H. 214, 60 A.2d 136 (Sup Ct. 1948), in which a plaintiff, who had been invited to come to the home of her sister-in-law and do some sewing there, caught her toe in a torn piece of linoleum and fell down a flight of steps; it was held that she was a gratuitous licensee or bare licensee, with only a limited duty of care. We subscribe to the conclusion reached in Cozine, supra, rather than that in Mitchell, supra.
Finding no merit in any of the grounds relied upon for a reversal, the judgment is affirmed.