796 A.2d 296 (2002)
350 N.J. Super. 552
Ruthann FILIPOWICZ and James Filipowicz, Plaintiffs-Appellants,
v.
Robert DILETTO and Linda Diletto, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 2002.
Decided May 7, 2002.
*297 Jeffry A. Mintz, Mount Holly, argued the cause for appellants.
William F. Hartigan, Jr., Trenton, argued the cause for respondents (McLaughlin & Cooper, attorneys; Mr. Hartigan, of counsel and on the brief).
Before Judges NEWMAN, FALL and AXELRAD.
*298 The opinion of the court was delivered by NEWMAN, J.A.D.
At issue here is the duty owed by a property owner to the public who are invited to the property where a garage or yard sale is conducted. In granting summary judgment and dismissing plaintiffs' complaint, the trial court found no duty owed to the injured party who fell where there was a three and one-half inch grade difference between the lawn and the sidewalk, which was covered over by grass. We reverse and hold that the property owner owed a reasonable duty of care to the public invited to attend the garage or yard sale to maintain the property in a reasonably safe condition.
The facts are straightforward. Plaintiff, Ruthann Filipowicz (references to plaintiff are to Ruthann Filipowicz only) attended a garage sale at the home of defendants, Linda and Robert Diletto in Hamilton Township. The event was a multi-family sale organized by defendants and their neighbors. Defendants displayed their sales items on tables in the driveway. They also placed clothes on a corner of their front lawn where the driveway intersected with the sidewalk.
The sale began on a clear, dry day at 8:00 a.m. Plaintiff arrived at approximately 10:00 a.m. She parked near defendants' property. Plaintiff first visited the house across the street from defendants' house where she made a purchase. She then walked across the street, up the paved driveway of defendants' house and began browsing through the sales items. Nothing sparked her interest, so she proceeded to the items displayed on the lawn. At that time, someone approached the lawn to re-arrange the clothes on display. Plaintiff moved back, away from the clothes and toward the sidewalk to provide room for that person to work. Plaintiff turned to make sure no one was behind her, and so she would not step on anything. When plaintiff stepped backward she lost her footing and fell. She was wearing sneakers at the time.
Unknown to plaintiff, there was a three and one-half inch drop-off from the front lawn to the sidewalk. The drop-off was not visible to plaintiff from where she stood on the lawn or from where she approached the lawn. She noticed the drop-off only after she fell. According to plaintiff, the grass on defendants' lawn was tall, extended over the sidewalk and camouflaged the drop-off. Defendant Robert Diletto testified at a deposition that he and his wife lived in the house for about four years and were aware that the lawn was elevated above the sidewalk. During that time, he would mow and maintain the front lawn. As part of that maintenance, he would use an edge trimmer every third time he cut the grass.
Mary Grochala, a member of defendants' family, observed plaintiff's fall and went to assist plaintiff, but she declined help. Plaintiff later sought medical attention at a local hospital emergency room and, thereafter, received more extensive treatment, which included surgery.
On May 5, 1999, plaintiff filed suit against defendants alleging that they were negligent in failing to provide a safe walkway or adequate notice of the latent defects of their premises. Plaintiff contends that she has a permanent disability and still suffers from pain. Plaintiff's husband filed a loss of consortium claim.
On October 13, 2000, defendants moved for summary judgment contending that plaintiff could not make a prima facie case of negligence against defendants. Plaintiff opposed the motion arguing that she was an invitee on the premises, that *299 defendants owed a reasonable duty of care to her and that the question of whether defendant breached that duty of care was an issue of material fact for the jury.
In granting defendants' motion for summary judgment, the trial court avoided deciding plaintiff's status as either an invitee or licensee, but concluded that plaintiff failed to carry her burden of proof. The court determined that plaintiff failed to show that the elevation of the lawn constituted an unreasonably dangerous area or condition. The trial court put it this way:
There was no hidden latent defect. There was no dangerous condition created by the manner in which this homeowner managed his lawn, cut his lawn, edged his lawn. And the fact of the matter is though [plaintiff] may have been on the lawn at her own free will and volition looking at items and she decided to back up as opposed to turn around and look or to turn around and go onto the driveway from where she came, nothing barred her from doing that. It is her own behavior that has caused this problem.
There is no duty owed, no dangerous condition. Anyone can fall over anything. And that in and of itself such an argument that itit had to be a defect if she fell is like saying that the mere happening of an accident means someone was negligent. That's not so. We're not talking about proximate cause of this issue which might give but for argument. We're talking about the duty owed.
There is no duty owed for the circumstances here or the type of relationship of grass to sidewalk. She approached and walked up the driveway. When she came in, she had the vantage point as well to make observations of where she was walking. She came in from the front vantage point where this lawn and sidewalk exist. There was nothing hidden about it.
There waswith a three and a half inch difference, certainly it's not so high as someone would be expected to sustain significant injury if that occurred if someone were to misjudge or misstep.
On appeal, plaintiff contends that she was an invitee of defendants. Plaintiff maintains that the premises, during the garage or yard sale, became defendants' place of business. Plaintiff argues defendants owed plaintiff a duty to exercise reasonable care to ensure their place of business, here the property, was safe for plaintiff and defendants' other invitees.
To establish a prima facie case of negligence against defendants, plaintiff must establish all of the following elements: (1) duty of care, (2) breach of that duty, (3) proximate cause, and (4) damages suffered by the plaintiff. Conklin v. Hannoch Weisman, 145 N.J. 395, 417, 678 A.2d 1060 (1996). The duty owed to a plaintiff is determined by the circumstance that brought him or her to the property. Daggett v. Di Trani, 194 N.J.Super. 185, 189, 476 A.2d 809 (App. Div.1984). An invitee, in the legal sense, is "one who is on the premises to confer some benefits upon the invitor other than purely social." Id. at 189-90, 476 A.2d 809. (quoting Berger v. Shapiro, 30 N.J. 89, 96, 152 A.2d 20 (1959)).
Defendants extended an open invitation to the general public to attend its garage or yard sale. Plaintiff accepted that invitation and entered defendants' premises to browse over their sales items. While she enjoyed attending garage and yard sales, that attraction did not deprive her of the status of an invitee. Benedict v. Podwats, 109 N.J.Super. 402, 408, 263 A.2d 486 (App.Div.), aff'd, 57 N.J. 219, 271 A.2d 417 (1970). Plaintiff entered defendants' *300 premises not to engage in a social gathering but to shop. Her presence alone, as a potential buyer, conferred a benefit upon defendants. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 440-441, 625 A.2d 1110 (1993); Daggett, supra, 194 N.J.Super. at 190, 476 A.2d 809. Plaintiff was an invitee on defendants' premises.
The standard of care due an invitee by a homeowner conducting a garage or yard sale is the same as the standard of care any property owner owes to any other invitee. As an invitee, defendants owed a duty to plaintiff to provide a "reasonably safe place to do that which is within the scope of the invitation." Butler v. Acme Markets, Inc., 89 N.J. 270, 275, 445 A.2d 1141 (1982). The duty includes the obligation to "use reasonable care to make the premises safe, including the duty to conduct a reasonable inspection to discover defective conditions." Handleman v. Cox, 39 N.J. 95, 111, 187 A.2d 708 (1963); Daggett, supra, 194 N.J.Super. at 192, 476 A.2d 809. Imposition of that duty is a matter of fairness. Goldberg v. Housing Auth. of the City of Newark, 38 N.J. 578, 583, 186 A.2d 291 (1962). To determine whether a person owes a reasonable duty of care toward another, the court must conduct a fact-specific and principled analysis to identify, weigh, and balance the relationship of the parties, the nature of the risk involved, the opportunity and availability to exercise care, and the public interests in the proposed solution. Hopkins, supra, 132 N.J. at 439, 625 A.2d 1110. The solution must properly and fairly resolve the specific case and develop clear rules to govern future conduct. Ibid.
The imposition of a duty of reasonable care upon a homeowner conducting a garage or yard sale satisfies those concerns. Homeowners have a pre-existing and non-delegable duty toward invitees to make reasonable inspections of the property and to remedy any reasonably discoverable defects. Hopkins, supra, 132 N.J. at 441, 625 A.2d 1110. A homeowner is most familiar with his or her residence and is, therefore, in the best position to be aware of latent problems. Id. at 445, 625 A.2d 1110. In preparation for a garage or yard sale, the homeowner advertises to the general public to attract shoppers to that sale. By responding to a homeowner's advertised garage or yard sale, the shopper gains permission, through invitation, to come on to the property and participate in that sale. The shopper may reasonably expect that implicit in the homeowner's invitation is some degree of responsibility for the safety of the shopper while he or she is visiting the premises. Other jurisdictions who have considered the issue recognized as much and applied a duty of reasonable care to homeowners who have conducted garage sales on their property. See Schrum v. Moskaluk, 655 N.E.2d 561, 565-566 (Ind.Ct.App.1996); Barnes v. New Hampshire Ins. Co., 573 So.2d 628, 630 (La.Ct.App.1991). Here, plaintiff could reasonably believe the scope of the invitation extended to the lawn because defendants displayed sales items there. Consequently, she was within the scope of defendants' invitation at the time of the incident, and could have reasonably expected that the lawn would not be defective.
This duty is consistent with the traditional test of negligence. That test is what a reasonably prudent homeowner conducting a garage or yard sale would foresee and do to ensure the safety of shoppers entering the homeowner's premises to browse for sales items. People Express Airlines, Inc. v. Consolidated Rail Corp., 100 N.J. 246, 262, 495 A.2d 107 (1985). The duty is defined by knowledge of the risk of harm or the reasonable apprehension of that risk. Ibid. Defendants *301 were aware of the drop-off between the lawn and sidewalk, but, nonetheless, they placed items there for sale. Defendants should have anticipated the presence of shoppers on their lawn. A reasonable homeowner conducting a garage sale under these circumstances would have mowed the lawn and properly trimmed the edge so the elevation between the lawn and sidewalk was readily apparent to the shoppers, or would have warned the shoppers of the drop-off. Additionally, a garage or yard sale is a planned event from which a homeowner derives economic benefits. Homeowners, therefore, have both the opportunity and incentive to prepare their property for the sale.
The public interest will also be served by recognizing a duty of care on the part of a homeowner who holds a garage or yard sale. Generally, courts strive to ensure that the application of tort law will not only provide legal redress to an injured party but will also prevent accidents. Hopkins, supra, 132 N.J. at 448, 625 A.2d 1110. To that end liability is imposed to deter tortious behavior. Ibid. Liability is imposed to discourage negligent practices by fostering reasonable conduct and creating incentives to minimize risks of harm. Ibid. Imposing responsibility here will further serve both goals of tort liability. It will ensure the safety of shoppers by encouraging homeowners who hold garage or yard sales to prepare their premises for the sale; and it will provide redress to those persons injured through the fault of those homeowners who fail to take such measures.
While this is the first time our courts have specifically addressed the duty of a homeowner who conducts a garage or yard sale, the duty applied is supported by well-established authority. The burden on homeowners is not onerous. It merely requires that in anticipation of a garage or yard sale, the homeowner exercise reasonable care to maintain the premises in a reasonably safe condition and to make a reasonable inspection to discover defective conditions.
Plaintiff next contends that the trial court erred in deciding the issue of whether defendants breached their duty of care to plaintiff. She maintains that the issue of whether the condition of the overgrown lawn and obstructed drop-off at the point of her fall was defective and created an unreasonable risk of harm was an issue of material fact for the jury. We agree.
While it is within the province of the trial court to determine the legal status of a person coming on another's land, Benedict, supra, 109 N.J.Super. at 408, 263 A.2d 486, it is the function of the jury to determine the condition of the property and the reasonableness of defendants' care, Hopkins, supra, 132 N.J. at 451, 625 A.2d 1110, and to determine the comparative fault of each party, Berger, supra, 30 N.J. at 102, 152 A.2d 20. The determination of what constitutes reasonable care under particular circumstances is to be resolved not by a judge but by a jury.
Barnes v. New Hampshire Ins. Co., supra, is particularly instructive on the issue presented here. There, a garage sale customer who fell on a driveway while leaving the sale filed a personal injury action against the property owners who held the sale. The driveway was elevated two to three inches above the ground. Id., supra, 573 So.2d at 628. The plaintiff made a purchase and began to leave. Ibid. After she walked several steps down the driveway, she turned back to look toward the sales area, but continued to walk in the opposite direction without looking where she was going. Ibid. She then stepped off the driveway and fell at the drop-off. Ibid.
*302 In affirming the trial court's dismissal of plaintiff's suit, the appeals court found that the elevation between the driveway and the adjacent ground was not unreasonably dangerous to visitors. Id. at 631. In so finding, the court stressed that the plaintiff failed to present evidence of any imperfection in the driveway. Id. at 630. To the contrary, the testimony established that the defendants had mowed and raked the yard the previous day in anticipation of the sale. Ibid. Thus, the court found that the difference in elevation between the driveway and the ground would have been readily visible to an attentive person. Ibid. Consequently, the court determined that the area was only made dangerous by the plaintiff's failure to observe where she was walking. Id. at 629.
In contrast to Barnes, the difference in elevation between the lawn and the sidewalk here was obstructed by the overgrown lawn. Further, in Barnes, the plaintiff's own inattention led to her injury. Plaintiff here has asserted that she was attentive to her surroundings, but that her injury was caused by defendants' failure to maintain their lawn or warn of the drop-off.
Plaintiff is prepared to prove that, at the time of the garage sale, defendants failed to maintain the lawn and edging, and that that failure camouflaged the three and one-half inch drop-off and caused plaintiff's injury. A jury might reasonably find defendants' knowledge of the drop-off, display of clothes and the overgrown grass that concealed the drop-off sufficient to hold defendant responsible with notice of a potentially dangerous condition. It is the function of the jury to make that determination.
Reversed and remanded for trial.