**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1540-19

ALYSSA WARNER,

    Plaintiff-Appellant,

v.

THERESA FENKER,

    Defendant-Respondent.

_____

Submitted November 29, 2021 – Decided December 16, 2021

Before Judges Messano and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-0900-18.

Cillick & Smith, attorneys for appellant (Suzanne M. Smith, on the brief).

Law Offices of James H. Rohlfing, attorneys for respondent (Thomas F. Zborowski, on the brief).

PER CURIAM

Plaintiff Alyssa Warner appeals from the grant of summary judgment dismissing her negligence complaint against defendant Teresa Fenker. Our review is de novo, applying the same standard used by the motion judge, which

> mandates that summary judgment be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
>
> [Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).]

A dispute of material fact is "genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). "The inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Liberty Surplus Ins. Corp. v. Nowell Amoroso, PA, 189 N.J. 436, 445–46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)). We limit our review to the motion

A-1540-19

record.  Ji v. Palmer, 333 N.J. Super. 451, 463–64 (App. Div. 2000) (citing Bilotti v. Accurate Forming Corp., 39 N.J. 184, 188 (1963)).

Plaintiff alleged that during an incident on July 6, 2016, at the Little Falls Police Department, defendant drove her car over plaintiff's foot causing injury. Defendant had driven to the police station with her daughter, Susan, who was formerly married to plaintiff's husband, Jonathan.  Susan and Jonathan had two daughters, ages fourteen and eleven, and because custody issues post-divorce had been contentious, exchanges of the children took place at the police station. Defendant and Susan were parked there when plaintiff arrived with the children to effectuate the exchange; two police officers were present.

Plaintiff helped the children into defendant's vehicle, but one of them ran back toward plaintiff's car.  Plaintiff returned the child to the car and a verbal quarrel ensued between plaintiff and Susan.  The events were captured on a fourteen-second video Susan recorded on her cellphone from inside the car. While plaintiff was near the car and standing slightly behind a police officer, the officer told defendant she was "free to go."  As the verbal exchange continued, the officer again told defendant, "Go! Now."

Defendant began to move forward slowly, but soon stopped after plaintiff screamed and fell to the ground.  Defendant asked, "What . . . happened."  The

officer told defendant she had driven over plaintiff's foot. The motion judge had the opportunity to view the video, and we, too, have reviewed it as part of the appellate record.

In rendering her oral opinion on the record and citing Ambrose v. Cyphers, 29 N.J. 138, 149 (1959), the motion judge noted that a driver owes a duty to pedestrians and other drivers to act reasonably under all circumstances. See also Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463, 483 (1969) ("[T]he standard of care is the conduct of the reasonable person of ordinary prudence under the circumstances." (citing Ambrose, 29 N.J. at 144)). However, both a driver and pedestrian bear reciprocal duties to act reasonably and exercise due care. See N.J.S.A. 39:4-32(d) ("No pedestrian shall leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield or stop."); N.J.S.A. 39:4-32(g) ("Nothing contained herein shall relieve a driver from the duty to exercise due care for the safety of any pedestrian upon a roadway. Nothing herein shall relieve a pedestrian from using due care for his safety.").

Citing State v. Manning, 146 N.J. Super. 589 (App. Div. 1977), the judge also noted that defendant had to obey instructions from the police officer when he told her to drive away. See also State v. Brennan, 344 N.J. Super. 136, 144

(App. Div. 2001) ("[W]here an officer's instructions are obviously reasonable, in furtherance of his duties, an individual toward whom such instructions are directed has a correlative duty to obey them.") (quoting State v. Lashinsky, 81 N.J. 1, 10–11 (1979)).

Referencing the video, the judge stated, "it was clear defendant was prudent in her driving because she only briefly and slowly pulled forward before [plaintiff] began screaming." The judge found that plaintiff "put herself in harm's way to continue to shout at the occupants in defendant's vehicle." The judge concluded that "no rational fact-finder could find that defendant's negligence exceeded that of plaintiff's."[1] She entered the order granting defendant summary judgment.

Plaintiff's essential argument is that the judge misapplied summary judgment standards because there were genuine material facts in dispute as to whether defendant operated the car in a reasonable manner. We disagree.

---

[1] This was a slight misstatement of the law. See Model Jury Charges (Civil), 7.31, "Comparative Negligence/Fault: Ultimate Outcome" (rev. Sept. 2018) (noting that to recover, a plaintiff's negligence needs to be fifty percent or less). In other words, defendant's negligence need not have exceeded plaintiff's for plaintiff to have recovered. If a factfinder were to determine both parties were equally negligent, plaintiff would still be entitled to recover.

The video shows a police officer standing very close to the car as he attempted to quell a volatile situation and twice ordered defendant to drive off. Plaintiff, with her voice raised in dispute with Susan, can be seen moving from behind and to the left of the officer toward the car shortly after the order was given, and defendant obeyed by starting to drive away.

We acknowledge that it is usually the function of a jury to determine the comparative fault of the parties. Filipowicz v. Diletto, 350 N.J. Super. 552, 561 (App. Div. 2002) (citing Berger v. Shapiro, 30 N.J. 89, 102 (1959)). However, as the Court instructed in Vega by Muniz v. Piedilato, "[T]he comparative negligence statute implicitly permits courts to enter summary judgment in the defendant's favor in the extraordinary case where no rational juror could conclude that the plaintiff's negligence did not exceed the defendant's negligence." 154 N.J. 496, 529 (1998). This was such a case. Simply put, no reasonable person viewing the video of the incident could rationally conclude that plaintiff's negligence as to the happening of the accident "was not greater than the negligence of the person against whom recovery is sought[,]" i.e., defendant. N.J.S.A. 2A:15-5.1.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1540-19