**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1978-20

ROSEMARY FORMOSO,

    Plaintiff-Appellant,

v.

YOUVIN R. DALEY,

    Defendant,

and

DARIUSZ BYSTROWSKI,

    Defendant-Respondent.

_____

          Argued March 9, 2022 – Decided March 28, 2022

          Before Judges Whipple, Geiger, and Susswein.

          On appeal from the Superior Court of New Jersey, Law
          Division, Hudson County, Docket No. L-0175-19.

          Edward A. Genz argued the cause for appellant
          (Montenegro, Thompson, Montenegro & Genz, PC,
          attorneys; Edward A. Genz, of counsel and on the
          briefs).

Kelly A. Weber argued the cause for respondent (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; John V. Mallon, of counsel and on the brief; Kelly A. Weber, on the brief).

PER CURIAM

In this personal injury action, plaintiff Rosemary Formoso appeals from the Law Division's February 11, 2021 order denying reconsideration of a December 22, 2020 order granting summary judgment to defendant Dariusz Bystrowski. We reverse and remand.

The following facts are derived from the evidence presented in support of, and in opposition to, Bystrowski's motion for summary judgment, viewed in the light most favorable to the non-moving plaintiff. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

On January 17, 2017, plaintiff Rosemary Formoso was attempting to cross Belleville Turnpike (also known as Route 7) in Kearny. Belleville Turnpike has one lane of traffic in each direction. There is no crosswalk or traffic control device in that area of the Turnpike. A supermarket is located on the other side of the Turnpike.

As she attempted to cross the Turnpike to go to the supermarket, plaintiff was struck by a vehicle operated by defendant Youvin Daley. Before the impact, Daley was travelling behind Bystrowski's vehicle on the Turnpike. Bystrowski

slowed, briefly stopped, and executed an illegal left turn into the supermarket's parking lot.[1] Daley stopped for several seconds then began to "creep up" or drive slowly on the Turnpike. Daley did not see plaintiff before his vehicle struck plaintiff. Daley then heard a "bump" and stopped his vehicle. Plaintiff was lying unconscious on the road in front of Daley's vehicle.

As Bystrowski's vehicle entered the supermarket's parking lot, he heard the impact of Daley's vehicle striking plaintiff. When Bystrowski looked in his rearview mirror he saw plaintiff laying in the roadway in front of Daley's vehicle. Bystrowski parked his vehicle and called police.

Plaintiff was wearing dark clothing. It was dark and raining. A dashcam video from Bystrowski's car showed plaintiff on the side of the Turnpike, stepping into the roadway and raising her hand, as if to signal traffic to stop so that she could cross the Turnpike. Bystrowski testified that he thought plaintiff was signaling for a bus. Traffic in the opposing direction appeared to be heavy. Bystrowski does not know if plaintiff was moving as he made his left turn because he was "already focusing on the left to make the turn."

---

[1] To assist the reader in visualizing the accident scene, attached as an exhibit is a diagram of the accident scene contained in a crash investigation report prepared by a Kearny police officer, which was included in the motion record. The diagram does not indicate if it is drawn to scale or the distance to the nearest intersection.

Plaintiff remembers nothing between initially leaving her home and being at University Hospital and cannot provide her own version of the accident. She alleges that both Bystrowski and Daley proximately caused the accident. Plaintiff claims that Bystrowski's illegal left turn forced Daley to make a full stop, indicating that she was free to cross the roadway. She alleges that but for Bystrowski's illegal left turn, Daley's vehicle would not have struck her. Plaintiff contended that even if a pedestrian is jaywalking, a car must stop for them.

Both defendants moved for summary judgment. Bystrowski argued that his actions did not proximately cause plaintiff's injuries. During oral argument, plaintiff's counsel acknowledged that if the case went to trial, the jury would find plaintiff comparatively negligent. The judge then commented that she "unders[tood] that. And [she thought] it probably [was] going to be over [fifty-one] percent." However, the judge focused on proximate causation, not comparative fault.

The judge found that plaintiff's argument was "a stretch." She stated she could not find Bystrowski was a concurrent cause of the accident because plaintiff did not remember anything about the accident, there was no proof of contact between plaintiff and Bystrowski's vehicle, and there was no proof that

4

had Daley not stopped he would not have hit plaintiff anyway. The judge found that the dashcam video did not help plaintiff's case and noted that plaintiff did not have a causation expert, and needed to provide "competent proofs" not "hypothetical[s.]"

In her written decision granting summary judgment to Bystrowski, the judge explained:

> The dashboard camera footage shows that [d]efendant Bystrowski passed the Plaintiff while making his turn into a parking lot. There is no indication that his vehicle struck the [p]laintiff. Neither does the audio of the video appear to indicate that this vehicle struck [p]laintiff.
>
> The [c]ourt does not find that [d]efendant Bystrowski's left hand turn into a parking lot proximately caused [p]laintiff to be struck in the roadway . . . . The dashboard camera footage shows that the [p]laintiff was already standing in the road while traffic proceed[ed] in both directions. Whether or not [d]efendant Bystrowski made a turn in front of Plaintiff, or was even present at the time of the accident, does not provide a basis for [p]laintiff's claim that [d]efendant Bystrowski proximately caused her injury.

Plaintiff moved for reconsideration, arguing that the trial court failed to consider the duties imposed on Bystrowski by N.J.S.A. 39:4-36 and the principle of concurrent causation explained in Davis v. Brooks, 280 N.J. Super. 406 (App.

Div. 1993).  In her written decision denying the motion, the judge rejected

plaintiff's arguments, stating:

> Here, the [c]ourt finds that it did not base its December 22, 2020 decision granting [s]ummary [j]udgment to [d]efendant Bystrowski on a palpably incorrect or irrational basis, nor did it fail to consider any probative, competent evidence in issuing this [o]rder.  First, the [d]efendant Bystrowski provided dash-cam footage of the incident that showed his vehicle turning away from the [p]laintiff.  Plaintiff did not provide any evidence that she remembered Bystrowski's vehicle striking her.  Moreover, [d]efendant Daley, who settled with [p]laintiff, testified that he felt a bump while operating his vehicle while [p]laintiff crossed the street at night, where no crosswalk existed, while it rained.  Considering this against the actual footage of the incident, this [c]ourt granted [s]ummary [j]udgment in favor of [d]efendant Bystrowski because a reasonable juror could not determine that his vehicle struck the [p]laintiff since the video showed him turning away from her as she only just entered the roadway.
>
> Second, [p]laintiff argues that this [c]ourt did not consider N.J.S.A. 39:4-36 in making its decision to grant [s]ummary [j]udgment as to [d]efendant Bystrowski.  This is incorrect as the [c]ourt . . . specifically discussed the statute. . . . Plaintiff attempts to argue that the statute created a situation that obligated [d]efendant Bystrowski to yield to her as she entered the roadway. However, in its memorandum of decision, the [c]ourt stated that it did "not find that [d]efendant Bystrowski's left hand turn into a parking lot proximately caused [p]laintiff to be struck in the roadway."

A-1978-20

Upon reconsideration, the [c]ourt finds that N.J.S.A. 39:4-36 is inapplicable as section 4, which [p]laintiff does not even mention in [her] papers, states that "[e]very pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." Here, the dash-cam footage clearly shows that the [p]laintiff had entered the roadway where no crosswalk exists while traffic continued in both directions. The [c]ourt also expressed serious doubts that Bystrowski's left hand turn somehow caused the [p]laintiff to be struck <u>by a different vehicle</u> while attempting to cross the roadway. We expressed on the record that the link between Bystrowski's operation of his vehicle and [p]laintiff's injuries were far too attenuated. Accordingly, the [c]ourt does not find that this statute is a reliable basis for [p]laintiff's argument that [d]efendant Bystrowski caused her injury by failing to yield to her.

The [c]ourt also disagrees with [p]laintiff's claim that it ignored <u>Davis v. Brooks</u>, 280 N.J. Super. 406 (App. Div. 1993). The [c]ourt allowed [p]laintiff's counsel to read portions of the case into the record during oral argument. [The court] specifically rejected the arguments in <u>Davis</u> when stating that[:] "Whether or not [d]efendant Bystrowski made a turn in front of [p]laintiff, or was even present at the time of the accident, does not provide a basis for [p]laintiff's claim that [d]efendant Bystrowski proximately caused her injury."

The court denied Daley's motion for summary judgment. He also moved for reconsideration. While that motion was pending, plaintiff settled her claims against Daley.

7

This appeal followed. Plaintiff raises the following points:

POINT I

THERE WERE SUBSTANTIAL MATERIAL FACTS SO AS TO DEFEAT THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT DARIUSZ BYSTROWSKI.

POINT II

THE ERROR BY THE COURT WAS THE FAILURE TO RECOGNIZE THE CONDUCT OF DEFENDANT BYSTROWSKI WAS A CONCURRENT CAUSE OF THE ACCIDENT.

POINT III

PLAINTIFF HAD A BASIS FOR THE MOTION FOR RECONSIDERATION OF THE COURT GRANTING SUMMARY JUDGMENT TO DEFENDANT, DARIUSZ BYSTROWSKI.

POINT IV

THE COURT FAILED TO CONSIDER AND RULE THAT DEFENDANT DARIUSZ BYSTROWSKI WAS REQUIRED TO STOP FOR PLAINTIFF ROSEMARY FORMOSO WHEN HE OBSERVED HER IN THE ROADWAY AS HIS VEHICLE APPROACHED HER. THIS WAS CLEARLY ERROR.

POINT V

THE NEW JERSEY SUPREME COURT IN BRILL V. GUARDIAN LIFE INS. CO. OF AM., 142 N.J. 520

8

(1995) SET OUT THE STANDARD FOR SUMMARY
JUDGMENT MOTIONS.

POINT VI

THE FOLLOWING COLLOQUY FOR THE ORAL
ARGUMENT OF DECEMBER 18, 2020 INDICATES
THE FAILURE OF THE COURT TO APPRECIATE
THE APPLICABILITY OF N.J.S.A. 39:4-36.

POINT VII

[THE] CERTIFICATION OF EDWARD A. GENZ,
ESQ. DATED DECEMBER 11, 2020 PROVIDED
[THE] COURT WITH COLOR PHOTOGRAPH OF
ACCIDENT SCENE.

We review a grant of summary judgment using the same standard that governs the trial court's decision. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Under that standard, summary judgment will be granted when "the competent evidential materials submitted by the parties[,]" viewed in the light most favorable to the non-moving party, show that there are no "genuine issues of material fact" and that "the moving party is entitled to summary judgment as a matter of law." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat, 217 N.J. at 38); see also R. 4:46-2(c). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate

9

inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Ibid. (quoting Bhagat, 217 N.J. at 38).

We owe no special deference to the trial court's legal analysis, RSI Bank, 234 N.J. at 472 (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)), or its "application of legal principles to [its] factual findings[,]" Lee v. Brown, 232 N.J. 114, 127 (2018) (quoting State v. Nantambu, 221 N.J. 390, 404 (2015)).

In order to establish a prima facie case of negligence, plaintiff must establish: (1) a duty of care; (2) breach of that duty; (3) proximate cause; and (4) damages. Filipowicz v. Diletto, 350 N.J. Super. 552, 558 (App. Div. 2002). N.J.S.A. 39:4-36(a) imposes duties on both drivers and pedestrians. It provides, in relevant part:

> a. The driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any unmarked crosswalk at an intersection, except at crosswalks when the movement of traffic is being regulated by police officers or traffic control signals, or where otherwise regulated by municipal, county, or State regulation, and except where a pedestrian tunnel or overhead pedestrian crossing has been provided:
>
> (1) The driver of a vehicle shall stop and remain stopped to allow a pedestrian to cross the roadway within a marked crosswalk, when the pedestrian is upon, or within one lane of, the half of the roadway, upon which the vehicle is traveling or onto which it is

10

turning. As used in this paragraph, "half of the roadway" means all traffic lanes conveying traffic in one direction of travel, and includes the entire width of a one-way roadway.

(2) No pedestrian shall leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield or stop.

(3) Whenever any vehicle is stopped to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.

(4) Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

(5) Nothing contained herein shall relieve a driver from the duty to exercise due care for the safety of any pedestrian upon a roadway. Nothing contained herein shall relieve a pedestrian from using due care for his safety.

[N.J.S.A. 39:4-36(a).]

Plaintiff acknowledges that the accident did not occur at an intersection, the scene of the accident was not regulated by a traffic control signal, and she was not within a marked or unmarked crosswalk. The accident occurred at night. It was dark and raining. The dashcam video from Bystrowski's car shows plaintiff on the shoulder, raising her hand as if to signal she wanted to cross the

11

road.  There was significant traffic in both directions.  Bystrowski slows, briefly stops, and makes a left turn into the parking lot of a strip mall, without striking plaintiff.  Daley, who had briefly stopped behind Bystrowski, moves forward and strikes plaintiff, who was then in the lane of travel.  Daley claimed he did not see plaintiff before he struck her.

Plaintiff claims that Bystrowski was negligent by turning into the parking lot rather than waiting for her to cross the lane of travel, and but for that negligence, Daley would not have struck her.  Plaintiff acknowledges that each party had some degree of comparative fault.

Because plaintiff was not "within a marked crosswalk" or within an "unmarked crosswalk at an intersection," she was under a duty to "yield the right-of-way to all vehicles upon the roadway."  N.J.S.A. 39:4-36(a)(4).  Both Bystrowski and Daley were under a duty to be observant and to "exercise due care for the safety of any pedestrian upon a roadway."  N.J.S.A. 39:4-36(a)(5). They were also both under a duty to exercise "due caution and circumspection, in a manner so as [not] to endanger, or be likely to endanger, a person or property . . . ."  N.J.S.A. 39:4-97.  We instruct juries in accident cases:

> [T]he driver of an automobile upon a public highway is under the duty of exercising for the safety of others that degree of care, precaution and vigilance in the operation of his/her car which a reasonably prudent

12

person would exercise under similar circumstances. It has sometimes been defined as care commensurate with the risk of danger. Thus, the driver of an automobile is required to use reasonable care in the control, management and operation of his/her machine. He [or] She is required to make such observation for traffic and road conditions and to exercise such judgment to avoid collision or injury to others on the highway, as a reasonably prudent person would have done in the circumstances. This duty of reasonable care by users of the highways is mutual and ordinarily each may assume that the other will observe that standard of conduct in the use thereof. Negligence is then the failure to adhere to this standard of conduct.

[Model Jury Charges (Civil), 5.30A, "General Duty Owing" (approved Sept. 1999).]

In cases involving a collision between a pedestrian and a vehicle, we further instruct the jury:

Vehicular operators and pedestrians have a common right to the use of a public highway. Their rights and duties are mutual and relative, and each is charged with a duty of reasonable care, commensurate with the risk of danger involved in the particular circumstances. Thus, a motorist is required to make such observations for pedestrians who are in, or may come into the motorist's path of travel, as a reasonably prudent person would make.

[Model Jury Charges (Civil), 5.30G(2), "Duty of Automobile Driver to Make Observations – For Pedestrians" (rev. Mar. 2021).]

In <u>Davis</u>, we provided the following explanation of concurrent cause and superseding intervening cause:

> There is no question that there may be any number of causes intervening between a negligent act and a final injurious occurrence. If they are reasonably foreseeable, each intermediate cause may be deemed a proximate result of the first wrongful act. The original negligence is deemed to continue and operate contemporaneously with all intervening acts of negligence that might reasonably be foreseeable, so that the original negligence is regarded as a concurrent cause of the final resulting injury. The causal connection may be broken by a superseding intervening cause. Such a cause must be one that so entirely supersedes the operation of the first tortfeasor's negligence that it alone caused the injury, without the first tortfeasor's negligence contributing thereto in any material way. But where the original tortfeasor's negligence is an essential link in the chain of causation, such a causal connection is not broken if the intervening cause is one which might, in the natural and ordinary course of things, be anticipated as not entirely improbable.
>
> [280 N.J. Super. at 412.]

Ordinarily, proximate cause is a jury issue. <u>Vizzoni v. B.M.D.</u>, 459 N.J. Super. 554, 575 (App. Div. 2019). The issue of proximate cause may only be removed from the jury "in the highly extraordinary case in which reasonable minds could not differ on whether that issue has been established." <u>Townsend</u>

14

v. Pierre, 221 N.J. 36, 60 (2015) (quoting Fleuhr v. City of Cape May, 159 N.J. 532, 543 (1999)).

Here, Bystrowski acknowledges that his left turn into the parking lot was illegal. Daley had come to a stop and then proceeded forward, striking plaintiff, claiming he did not see her. Under these circumstances, viewing the facts in a light most favorable to plaintiff, we are satisfied that a reasonable jury could conclude that Bystrowski's illegal left turn was "an essential link in the chain of causation." Davis, 280 N.J. Super. at 412. As we explained in Davis, the "original negligence" – in this instance, the concededly illegal left turn and failure to yield to plaintiff – "is deemed to continue and operate contemporaneously with all intervening acts of negligence that might be reasonably foreseeable, so that [it] . . . is regarded as a concurrent cause of the final resulting injury." Ibid. On these facts, a reasonable jury might find that the causal connection between Bystrowski's illegal turn and the immediately ensuing collision between the vehicle behind him and plaintiff was not broken because such an occurrence could "be anticipated" and was "not entirely improbable." Ibid. In turn, a reasonable jury could find that Daley and plaintiff were also negligent, and their respective negligence concurrently caused the accident, rendering each party to some degree comparatively at fault.

Accordingly, Bystrowski did not demonstrate he was "entitled to a judgment or order as a matter of law." R. 4:46-2(c).

A trial court should not decide the merits of "a dispute on which a rational jury could go either way." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.3.2 on R. 4:46-2(c) (2022). Here, in determining whether summary judgment was appropriate, the court "resolved a dispute on the merits that should have been decided by a jury. It was not the court's function to weigh the evidence and determine the outcome . . . ."[2] Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 50 (2012) (quoting Gilhooley v. Cnty. of Union, 164 N.J. 533, 545 (2000)). Granting Bystrowski summary judgment and denying reconsideration was error.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] When considering whether to grant summary judgment, the trial court's function was not to weigh the evidence and speculate about plaintiff's likelihood of success at trial or how a jury would apportion comparative fault.

Page __3__ of __3__

| New Jersey Police Crash Investigation Report | Police Dept: Kearny Police | Code: 01 |
|---|---|---|
| Motor Vehicle Crash Diagram | Station: HQ | Case No: 17-1186 |

144 Crash Diagram (NOT TO SCALE)

Indicate North

Schuyler Ave

396 Belleville Pike

Food town

Belleville Turnpike

Forest St

4/17/2017 9:16:32 AM Batch: 44107661

NJTR-1B (Rev. 01/17)

Officer's Signature

267

Badge Number

PA 22

17

A-1978-20