**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0026-18T4

LINDA ADLER,

     Plaintiff-Appellant,

v.

WAKEFERN FOOD CORPORATION
and SHOPRITE OF WAYNE,

     Defendants-Respondents,

and

REGENCY CENTERS and FW
NJ-PLAZA SQUARE,

     Defendants.

_____

Argued June 18, 2019 – Decided July 10, 2019

Before Judges Koblitz and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0882-17.

Alan K. Albert argued the cause for appellant (Brandon J. Broderick, LLC, attorneys; Alan K. Albert, on the brief).

Charles Barber Carey argued the cause for respondents (Carey & Grossi, attorneys; Charles Barber Carey, on the brief).

PER CURIAM

Plaintiff Linda Adler appeals from the July 20, 2018 order of the Law Division granting summary judgment in favor of defendant Inserra Supermarkets, Inc. (Inserra) in this premises liability action, and the August 17, 2018 order denying her motion for reconsideration. We affirm.

I.

Adler alleges she was injured when she slipped and fell in the frozen food aisle of a Shop Rite supermarket operated by Inserra. During discovery, Adler admitted that she did not know what caused her to slip and fall and that she did not see any object on the floor either before or after the incident. According to Adler, an employee of Inserra was stocking shelves nearby when she fell. He asked if she was injured. Adler left the store shortly after the incident.

Approximately twenty minutes later, Adler returned to the store to complete an incident report. She testified that while she was completing the report, the employee brought a piece of an orange to the manager and said it was the object that caused Adler to slip and fall. Adler conceded that she did not know where the orange piece came from or how long it had been on the floor

before she slipped and fell. Inserra does not sell orange pieces at the store, only whole oranges. Whole oranges are not sold in the frozen food aisle.

At the conclusion of discovery, and after the court set a trial date, Inserra moved for summary judgment.[1] Inserra acknowledged that Adler slipped and fell in its store and that it had a duty to correct hazardous conditions of which it had notice. It argued, however, that Adler did not create a genuine issue of material fact with respect to whether Inserra had actual or constructive notice that the piece of orange was on the floor prior to Adler's fall.

The trial court granted Inserra's motion. The court concluded that, accepting as true Adler's allegation that the piece of orange caused her to slip and fall, she produced no proof that Inserra had actual or constructive notice of the hazardous condition. Thus, the court determined because there is no genuine issue of fact with respect to notice, as a matter of law Adler could not establish Inserra was liable for her injuries. A July 20, 2018 order memorializes the trial court's decision.

---

[1] Adler initially named as defendants Wakefern Food Corp. (Wakefern), ShopRite of Wayne, Regency Centers (Regency), and FW-NJ Plaza Square (Plaza Square). In its answer, Inserra alleged that it was improperly pleaded as Wakefern. Adler voluntarily dismissed her claims against Wakefern, Regency, and Plaza Square and the matter proceeded against Inserra. The supermarket operated by Inserra is known as ShopRite of Wayne.

Adler subsequently moved for reconsideration. She argued for the first time that the trial court erred when it heard oral argument on Inserra's motion twenty-seven days before the scheduled trial date, contrary to R. 4:46-1. The Rule provides that the return date of a summary judgment motion should be no later than thirty days before a scheduled trial date, unless the court orders otherwise for good cause.

On August 17, 2018, the trial court entered an order denying Adler's motion for reconsideration. The order, which was not accompanied by a written or oral opinion, states that "there is no[] showing that this court made a mistake of law or fact in granting defendant's motion for summary judgment."

This appeal followed. Adler reiterates her argument with respect to Rule 4:46-1 and argues she produced sufficient evidence to create a genuine issue of material fact with respect to whether Inserra had actual or constructive notice of the hazardous condition that caused Adler to slip and fall, precluding entry of summary judgment against her.

II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super.

4

162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Prudential, 307 N.J. Super. at 167 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529-30 (1995)).

Assertions that are unsupported by evidence "[are] insufficient to create a genuine issue of material fact." Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015) (alteration in original) (quoting Heyert v. Taddese 431 N.J. Super 388, 414 (App. Div. 2013)). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (quoting Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005)). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill, 142 N.J. at 523.

A-0026-18T4

In order to establish a prima facie case of negligence a plaintiff must establish: (1) a duty of care; (2) breach of that duty; (3) proximate cause; and (4) damages. Filipowicz v. Diletto, 350 N.J. Super. 552, 558 (App. Div. 2002). "Whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993). Courts should consider "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Ibid.

"Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003). "The duty of due care to a business invitee includes an affirmative duty to inspect the premises and 'requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe.'" Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 601 (App. Div. 2016) (quoting Nisivoccia, 175 N.J. at 563).

"Owners of premises are generally not liable for injuries caused by defects of which they had no actual or constructive notice and no reasonable opportunity to discover." Id. at 601-02. "For that reason, '[o]rdinarily an injured plaintiff . . . must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'" Id. at 602 (alternation in original).

Constructive knowledge is established with proof that the condition existed "for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." Ibid. (quoting Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957)).

> Constructive notice can be inferred in various ways. The characteristics of the dangerous condition giving rise to the slip and fall, see, Tua v. Modern Homes, Inc., 64 N.J. Super. 211, 220 (App. Div. 1960) (finding constructive notice where wax on the floor had hardened around the edges), or eyewitness testimony, see, Grzanka v. Pfeifer, 301 N.J. Super. 563, 574 (App. Div. 1997) (finding constructive notice where eyewitness noted the light had been out for a while) may support an inference of constructive notice about the dangerous condition.
>
> [Ibid.]

Having carefully reviewed Adler's arguments in light of the record and applicable legal principles, we affirm the July 20, 2018 order. We agree with

7

the trial court's conclusion that Adler produced no evidence creating a genuine issue of material fact with respect to whether Inserra had actual or constructive notice of the condition that caused her to slip and fall.

Adler did not see what caused her to fall. In addition, even if we accept as true Adler's hearsay testimony that an Inserra employee identified the piece of orange as the cause of her fall, Adler produced no evidence with respect to the source of the orange piece, the length of time that it was on the floor, or whether the employee noticed the hazardous condition before Adler fell.

We reject, as did the trial court, Adler's argument that because the employee was stocking shelves near where she slipped and fell, Inserra was on notice of the hazardous condition. Inserra conceded that each of its employees has a duty to maintain a safe environment for customers and a responsibility to be on the lookout for spills that create hazards. There is, however, no evidence in the motion record that the employee near where Adler fell was expected to monitor the condition of the floor while performing his assigned task of stocking shelves or was remiss in not noticing and remediating the hazardous condition before Adler's fall.

In addition, the fact that other customers periodically reported falling at the supermarket during the seven years preceding Adler's fall does not create a

A-0026-18T4

genuine issue of material fact. Inserra's notice of prior hazards is not evidence that Inserra had actual or constructive notice of the piece of orange on which Adler slipped and an opportunity to remove that hazardous condition.

We also affirm the August 17, 2018 order denying reconsideration. "A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2 on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence[,]" or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application[.]" Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

The trial court correctly concluded Adler did not establish that the July 20, 2018 order was decided on a palpably incorrect or irrational basis. Nor did Adler present new or additional evidence not available to her prior to entry of the July 20, 2018 order. While the trial court's findings of fact and conclusions of law on the motion for reconsideration were minimal, we are satisfied that we

9

had a sufficient record on which to effectively review the trial court's decision. R. 1:7-4(a).

Adler's argument with respect to the return date of Inserra's motion lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We note, however, that Adler did not object to the timing of the motion, either before the return date or during oral argument on the motion, and concedes that she had sufficient time to oppose the motion and prepare for oral argument. In the absence of an objection by Adler, we see no abuse of discretion on the part of the trial court with respect to the scheduling of the motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0026-18T4